Daniel, Judge.
 

 Nuisance,
 
 nocumentum,
 
 or annoyance, signifies any thing that worketh hurt, inconvenience or damage. 3 Bla. Com. 215. Common nuisances are such' inconvenient and troublesome offences as annoy the whole community. They consist in either, the doing of a thing to the annoyance of
 
 all
 
 the citizens, or the neglecting to do a thing which the common good requires. 4 Bla. Com. 170. The opinion of the Judge, that the defendant was
 
 pro tempore
 
 a keeper of a public house, inasmuch as. he received pay for his entertainment of those persons that were at his house, is not, in our opinion, correct. If he had been able to have entertained more persons, and any more had called on him, he would have had the power to refuse them entertainment. Whereas a keeper of a public inn could not have refused, without the peril of a suit and an indictment. All and every one of the citizens, have a right to demand entertainment of a public inn-keeper, if they behave themselves, and are willing, and able to pay for their
 
 fare.
 
 And as
 
 all
 
 have a right to go there and be
 
 *426
 
 entertained, they are not to be annoyed there by disorder; and if the inn-keeper permits it, he is subject to be indicted as for a nuisance.
 

 The defendant, therefore, was not in law the keeper of a public house for any time. Nor does the indictment charge him as the keeper of an inn or public house. Those who visited his house on the occasions stated by the witnesses, came not in pursuance of any right on their parts, but of his presumed or express invitation. The law will not imply, that they were annoyed by the entertainment they received, and the evidence not only did not show, that others were annoyed, but repelled the inference that they might have been annoyed. The judge also charged the jury,
 
 “
 
 that if gambling and disorder were carried on with the knowledge and countenance of the defendant, he was guilty.” The keeping of a common gaming house is indictable at common law. A common gaming house is a public nuisance, because of the necessary injury to the morals of the community resulting from such an
 
 establishment.
 

 But the defendant was not charged, and if charged, could the evidence have made out the charge of being the keeper of a common gaming house ? He is indicted as the keeper-of a common ill-governed, disorderly house. The mere fact that gaming did sometimes occur in his house, does not make it
 
 in law
 
 an ill-governed and disorderly house. Gaming in private houses is not prohibited by law. The act of 1801 makes it a misdemeanor to game in a house of public entertainment or a tavern, but not in a private house. We think the judge erred in his charge:
 
 first,
 
 in supposing the facts proved, constituted the defendant a keeper of a public house
 
 pro tempore. Secondly,
 
 in telling the jury, that gambling there, with the knowledge and connivance of the defendant, made him guilty as charged in the indictment. The defendant’s conduct, it must be admitted, was reprehensible in a moral point of view, but every breach of morals is not indictable. We are of opinion, that there must be a new trial.
 

 Pek Curiam. Judgment reversed.