# Holt v. Mayor and Aldermen of Birmingham.

*Prosecution for Violation of Municipal Ordinance.*

1. *What is not a "general law" within meaning of constitutional provision; charter of municipality of Birmingham.*—The provision of the act of February 18, 1887, as amended by the Act of December 8, 1888, (Sess. Acts 1888-89, p. 11), that "no city [except certain designated ones], or town, or county shall assess, levy or collect any license tax on any business or occupation upon which the State does not assess, levy or collect such license tax," is not a general law, within the meaning of the constitutional provision (Const. of Ala , Art. 4, § 50) that "the General Assembly shall not have the power to authorize any municipal corporation to pass any laws inconsistent with the gen-

[Holt v. Mayor and Aldermen of Birmingham.]

eral laws of the State," so as to render unconstitutional and void the provision of the charter of the city of Birmingham conferring authority to tax business and avocations, and to impose penalties for failing to take out a license.

APPEAL from the Criminal Court of Jefferson.
Tried before the Hon. SAMUEL E. GREENE.
The facts of the case are sufficiently stated in the opinion.

WEAVER & McMASTER, for appellant.—The ordinance in question is unconstitutional and void. The provision of the Act of December 8, 1888, limiting the rights of cities to assess, levy or collect license taxes on occupations, is a general or public law.—Potter's Dwarris on Statutes, p. 53. The attempt to confer on the city of Birmingham authority to levy and collect such taxes is unconstitutional and void. Constitution of Ala. Art. 4, § 50.

RICHARD V. EVANS, contra.—The Act of December 8, 1888, is not a general law.—3 Am. & Eng. Encyc. of Law, 697; 23 Ib. 148; King v. State, 87 Tenn. 304; People v. O'Brien, 38 N. Y. 194; Belleville R. Co. v. Gregory, 58 Am. Dec. 589; Cooley Cons. Lims. p. 221.

COLEMAN, J.—The defendant was convicted, and fined twenty dollars, for the violation of a city ordinance, from which he prosecutes this appeal. The city imposed a license tax upon occupations and business carried on within its limits; and upon persons keeping "marble yards" the license tax was twenty dollars. The city ordinance reads as follows: "Any person who shall engage in any business for which a license is required, before having paid for and taken out such license, shall upon conviction be fined," &c. The charter confers upon the city ample authority to tax business and avocations, and to impose penalties for failing to take out a license. The license tax and the ordinance are within the authority conferred by the legislature. The contention of the defendant is that the legislature exceeded its constitutional authority in conferring the power upon the city, and that the city charter in this respect is null and void. The argument is based upon the following

constitutional provision (Article IV, Sec. 50) : "The General Assembly shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of the State." The general law relied upon was adopted February 18th, 1887, and reads as follows : "Section 499. *Cities and towns may adopt provisions of this chapter*.—Any incorporated city or town in this State may, by an ordinance, adopt the provisions of this chapter, regulating the assessment and collection of taxes by such city officers or agents, so far as the same may be applicable, and shall have the same right to sell property and make titles to property sold for taxes, as is provided for collecting State and county taxes ; but any such city or town must first, by ordinance, adopt such parts of this chapter for said purposes as they desire to put in force ; but no city (except Mobile, Montgomery, Marion, Brewton, Cullman and Selma), or town, or county shall assess, levy or collect any license tax on any business or occupation upon which the State does not assess levy or collect such license tax. Nothing herein contained shall affect the provisions of the act for the reduction and funding of the debt of the city of Mobile, approved March 9th, 1875. The city council of Opelika may assess, levy and collect a license tax on banks or bankers, the keepers of livery stables, of meat markets, and those engaged in the business of running drays and hacks for hire." This act was amended December 8th, 1888, (Acts 1888-89, p . 11) as follows : "*Be it enacted by the General Assembly of Alabama*, That an act entitled an act to amend section 499 of the Code of Alabama, approved February 18, 1887, be amended so as to read as follows, to wit : Section 499. *Cities and towns may adopt provisions of this chapter*.—Any incorporated city or town in this State may, by an ordinance, adopt the provisions of this chapter regulating the assessment and collection of taxes by such city officers or agents, so far as the same may be applicable, and shall have the same right to sell property, and make titles to property sold for taxes, as is provided for collecting State and county taxes ; but any such city or town must first by ordinance adopt such parts of this chapter, for said purposes, as they desire to put in force, but no city (except Mobile, Montgomery, Marion, Brewton, Cullman, Selma, Eufaula, Russellville, Tuskegee and Uniontown), or town, or

county shall assess, levy or collect any license tax on any business or occupation upon which the State does not assess, levy or collect such license tax. Nothing herein contained shall affect the provisions of the act for the reduction and funding of the debt of the city of Mobile, approved March 9th, 1875. The city council of Opelika may assess, levy and collect a license tax on banks or bankers, the keepers of livery stables, meat markets, and those engaged in the business of running drays and hacks for hire.'' The act has been further amended by excepting other cities and towns, until now there is quite a number of cities and towns excepted. We may have occasion to refer to these several acts hereafter for a different purpose from thât for which they will be first considered.

The constitutional provision does not—and was not intended to operate as an ordinance or legislative enactment or as a general law for the government of the people of the State. Its sole purpose was to limit the power of the legislature so as to prohibit it from conferring the specified authority upon municipal corporations. The first question is, what is meant by the term "the general laws of this State," as used in the constitutional provision, and is the act of the legislature above cited—a "general law," within its meaning? Courts have generally classified statutes, as general, public, special or local, and private. Our constitution refers to statutes as "general," "local," "special." It is unnecessary to consider what constitutes local and special statutes. Any statute which affects the public at large, though operating within the limits of a particular locality, is generally declared to be a public statute.—23 Am. & Eng. Encyc. of Law, 144, 145, and cases cited in the notes; 3 Amer. & Eng. Encyc. of Law, 695-7, and notes.

In specifying the limitations upon the powers of the legislative department, (Art. IV. §§ 23, 24, 25 and 50,) the constitution uses the term "general laws." A proper construction of these constitutional provisions would exclude the definition of a "public statute" as distinguished from a general statute, that is a statute operating upon the public within the limits of a locality, less than the whole State. The terms, "general law" and "public law" are frequently used synonymously.

[Holt v. Mayor and Aldermen of Birmingham.]

but they are not the equivalent of each other. Every general law is necessarily a public law, but every public law, as defined, is not a general law. A "general law," as used in our constitution, is a law which operates throughout the State, alike upon all the people or all of a class. The law authorizing the removal of the disabilities of covert ure, or of infancy, by the courts, are general laws, though applying only to married women and to minors. Any law affecting the public within the limits of the county, or community, would be a public law, though not a general law within the meaning of our constitution. The effect of a statute, more than its wording or phraseology, must determine its character as a public, general, special or local statute. Apply these principles to the statute of February 18th, 1887, and as amended by subsequent legislation. By its very terms, it cannot operate throughout the State alike. City after city has been excepted from its operation, and, if these exceptions are valid, there is no limitations upon the exceptions which might be made. The statute, if valid, is a public statute, but not a general statute, within the meaning of the constitution. If, by reason of the provision, "but no city or town or county shall assess, levy or collect any license tax on any business or occupation, upon which the State does not assess, levy or collect such license," the statute is a "general law," then the exception in favor of Mobile, Montgomery and Selma would be invalid; but the framing of the statute is such that its parts are incapable of separation, so as to let a part stand. It is evident that the statute as a whole would not have been adopted—without the exceptions. The conclusion is, that, whether the act of February 18th, 1887, be valid or unconstitutional, there is no "general law," within the meaning of the constitution, with which the charter provision is "inconsistent."

This view of the case renders it unnecessary to consider in detail the real status of the act of February 18, 1887, *supra*. We will mention some of the difficulties which pertain in this statute. It purports to amend section 499 of the Code of Alabama. Section 499 of the Code amended thereby, is to be found only in the Code of 1876. Many of the provisions of the chapter in which section 499 of the Code is to be found had been superseded and repealed by subsequent acts of the legislature

at the time of the adoption of the act of February 18th, 1887, *supra*, amending section 499 of the Code of 1876.— Acts of 1884-85, pp. 2–23, 70. Section 499 of the Code of 1876 was never carried forward into the Code of 1886.

We deem it unnecessary to pursue the discussion further. The act of the legislature conferring the authority upon the city of Birmingham to impose a license tax is not obnoxious to any provision of the constitution.

The judgment of the city court is affirmed.