(96 South. 591)

**CITY OF BIRMINGHAM et al. v. BOLLAS.**
(6 Div. 823.)

(Supreme Court of Alabama.   May 17, 1923.)

1. **Injunction** ⬳85(1)—Bill to enjoin interference with operation of hotel after valid revocation of license is without equity.

A bill to enjoin a city from interfering with the free conduct of a hotel being operated after a valid revocation of complainant's license, in violation of a city ordinance prohibiting operation of hotels without licenses, is without equity.

2. **Innkeepers** ⬳4—"Hotel" is "house of public entertainment" within statute authorizing revocation of license; "Inn;" "tavern."

A "hotel," which, like a "tavern" or "inn," terms now usually restricted to small, old-fashioned establishments, is a house where travelers ,or others are entertained and furnished with food and lodging, and sometimes other conveniences, is in common understanding, as seemingly recognized by Code 1907, § 7094, a "house of public entertainment," within Code 1907, § 1342, authorizing the Birmingham town council, all the powers of which are given the city commission by Act Sept. 25, 1915 (Gen. Acts 1915, p. 793) § 7, to revoke licenses of such houses if the public safety, peace, good order, or decency require it (quoting Words and Phrases, First Series, House of Entertainment).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hotel; Inn; Tavern.]

**3. Innkeepers** ⊚⇒4—**City of Birmingham may revoke hotel license for proper cause, though licensee was not convicted of violating ordinance or city adopted no ordinance authorizing revocation.**

Under Code 1907, § 1342, the Birmingham city commission may revoke a hotel license if it concludes, on investigation, that the public safety, peace, good order or decency requires it, though licensee has not been convicted of violating any city ordinance regulating the hotel business and the city has adopted no ordinance embodying the provisions of such section, which grants the power to cities directly.

**4. Injunction** ⊚⇒123—**Whether city may arbitrarily revoke hotel license not considered on bill to enjoin interference with continued operation thereafter on ground of want of power rather than abuse of discretion.**

Whether Code 1907, § 1342, authorizes a purely arbitrary revocation of a hotel license by the city of Birmingham, without any right to judicial review, will not be considered on a bill to enjoin interference with the conduct of a hotel after revocation of its license on the ground, not that the commissioners abused their discretion, but that the city had no power to revoke the license.

**5. Injunction** ⊚⇒118(4)—**Bill without equity will not support injunction.**

A bill without equity will not support an injunction of any kind under any circumstances.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by John Bollas against the City of Birmingham and others. From a decree for complainant, respondents appeal. Reversed and remanded.

The bill of complaint is filed against the city of Birmingham and its commissioners for the purpose of annulling their revocation of complainant's license to operate a hotel in the city, and to enjoin them from arresting and prosecuting him for so doing, and from interfering with the free conduct of his business in that behalf.

The bill alleges that complainant is the owner of a valuable leasehold upon which he has been conducting a hotel under a license from the city; that on November 17, 1922, he received an official notice from respondents that his said license had been revoked by the city commission on November 14, 1922, and that continued operation of the hotel would be without a license, and would thereby subject him to arrest.

It appears that on November 9, 1922, complainant received a notice that the police department had recommended revocation of his said license, and inviting him to appear before the commission at a designated time and make defense, if he so desired.

The bill charges that the respondents had no lawful authority to revoke complainant's said license, and that no ordinance had been passed authorizing such an act.

The temporary writ of injunction was granted, as prayed, on the preliminary hearing, and the appeal is from that order.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appellants.

The city commission has express legislative authority to revoke the license of a hotel. Code 1907, § 1342; Cr. Code 1907, § 7094; Acts 1915, p. 793; Foster v. State, 84 Ala. 451, 4 South. 833; Webster's Int. Dict. "Inn." Power to revoke is implied from the power to license and regulate. State v. Milwaukee, 140 Wis. 38, 121 N. W. 658, 133 Am. St. Rep. 1060; Wiggins v. Chicago, 68 Ill. 372; People v. Health Dept., 189 N. Y. 187, 82 N. E. 187, 13 L. R. A. (N. S.) 894; N. Y. ex rel. Lieberman v. Van De Carr, 199 U. S. 552, 26 Sup. Ct. 144, 50 L. Ed. 305.

Beddow & Oberdorfer, of Birmingham, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. Section 1342 of the Code declares:

"The city or town council shall have the right and power to revoke and cancel any and all licenses issued for the sale of spirituous, vinous, or malt liquors, or the license or licenses of any house of public entertainment or house or place where firearms or other deadly weapons are kept for sale, when in their judgment the public safety, peace, good order, or decency may require it; and when the owner thereof, or person operating the same, shall have been convicted of any violation of the city or town ordinances regulating such business, the council may cancel the license."

Under section 7 of the Act of September 25, 1915 (Gen. Acts 1915, p. 793), the city commission of Birmingham is given all the powers possessed and exercised by its former governing bodies.

[1] A city ordinance of Birmingham makes it unlawful to operate a hotel within the city without a license.

If therefore the revocation of complainant's license by the commission was a valid act, his continued operation of the hotel was *without a license*, and in violation of the ordinance referred to; and, manifestly, the asserted equity of the bill wholly fails, since complainant can be entitled to no protection with respect to the *unlawful* operation of his hotel.

[2] A single inquiry must, therefore, determine whether or not the preliminary writ was properly issued, viz., does section 1342 of the Code authorize the revocation of a license for the operation of a *hotel?* This depends, of course on the meaning of the phrase, "any house of public entertainment," as used by the Legislature in that enactment.

"Hotel" is the modern name for houses

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that were formerly called "inns" or "taverns"—terms now usually restricted, as noted by the New Standard Dictionary, to small, old-fashioned establishments. The same authority notes that hotel·is "properly distinguished from inn by its superior style and pretensions"; and in Foster v. State, 84 Ala. 451, 452, 4 South. 833, it was said that "inn" is "synonymous in meaning with hotel or tavern." These terms are all used to describe a house where travelers or others are entertained and furnished with food and lodging, and sometimes other conveniences; and whether such a house be called "hotel," "tavern,"· or "inn," it is in common understanding a "house of public entertainment."

Section 7094 of the Criminal Code seems to recognize this in its provision that—

"Keepers of inns, hotels, and other houses of public entertainment for travelers, shall give receipts," etc.

And again in Foster v. State, 84 Ala. 451, 452, 4 South. 833, it was said that—

"There is nothing inconsistent or unusual, * * * in a house of public entertainment having a double character, being simultaneously a boarding house and an inn." (Italics supplied.)

In Bonner v. Welborn, 7 Ga. 296, 304, it was held that, in a statute requiring a license for keeping "a house of entertainment," this expression is synonymous with "tavern"; and in Linkous v. Com., 9 Leigh (Va.) 608, 612, it was held that the same expression in an indictment for gaming meant simply a tavern.

The phrase "house of public entertainment" was used in a North Carolina statute, and held not to include a house where strangers were entertained only occasionally. State v. Mathews, 19 N. C. 424, 426.

These several examples are taken from 4 Words and Phrases (First Series), 3359.

[3] We think that under section 1342 of the Code the city commission was authorized to revoke complainant's license if they concluded upon investigation that "the public safety, peace, good order or· decency" required it. If they acted under this provision, it was of no consequence ·that complainant had not been convicted. of any violation of a city ordinance regulating the hotel business; that being· a separate and distinct ground for cancellation of the license.

Nor does it matter that the city had adopted no ordinance embodying the provisions of section 1342 of the Code, for that section grants the power to cities directly, and needs' no city ordinance to make the power operative and effective.

[4] We, of course, do not mean to hold that the statute authorizes a purely arbitrary revocation of licenses for the opera-

tion of hotels, not subject to judicial review in a proper way. That question is not presented, for the case sought to be made by the bill rests entirely upon the proposition that the city has no such power, and not upon the charge of abuse of lawful discretion.

[5] On the face of the bill it is without equity, and "a bill without equity will not support an injunction of any character, under any circumstances." McHan v. McMurray, 173 Ala. 182, 55 South. 793.

The writ was therefore improperly granted, and the order and decree in that behalf will be reversed.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.