(117 So. 187)

## STATE ex rel. FALKNER v. ARMSTRONG, City Comptroller, et al.  (6 Div. 131.)

Supreme Court of Alabama.  May 24, 1928.

1. Mandamus ⊗⇒87—Relator held not entitled to mandamus to require city commission's issuance of license to operate dance hall (Code 1923, §§ 2154, 2164, 2165).

Relator *held* not entitled to mandamus to compel city commission to issue license to operate dance hall, on ground that his application had been summarily denied, under Code 1923, §§ 2154, 2164, 2165, which gives right to municipal authorities to license places of amusement and to cancel licenses issued, "when in their judgment the public safety, peace, good order, or decency, may require it," since municipal authorities had right in the first place, before granting the license, to determine whether it could be granted consistently with public safety, peace, good order, or decency.

2. Theaters and shows ⊗⇒3—Municipal authorities have discretion to deny license to operate dance hall thought to be contrary to public safety, peace, good order, or decency (Code 1923, §§ 2154, 2164, 2165).

Municipal authorities have discretion to determine whether dance hall should be licensed, in view of considerations of public safety, peace, good order, or decency, under Code 1923, §§ 2154, 2164, 2165.

3. Mandamus ⊗⇒168(2)—One seeking mandamus to require city commission's issuance of license to operate dance hall must prove denial of application was actuated by improper motive (Code 1923, §§ 2154, 2164, 2165).

In order to require city commission or their agents to grant license to operate dance hall, relator seeking mandamus must, under Code 1923, §§ 2154, 2164, 2165, show that commission was actuated by motive having no proper relation to public safety, peace, good order, or decency; presumption being in favor of propriety of the commission's action.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Petition of the State of Alabama, on the relation of J. R. Falkner, for mandamus to C. E. Armstrong, as City Comptroller, and J. M. Jones, Jr., as President of the City Commission of the City of Birmingham. From a judgment denying the petition relator appeals. Affirmed.

Woodall, Patrick & Appelbaum, of Birmingham, for appellant.

The city of Birmingham having by ordinance adopted a License Code in which the business of operating a dance hall is permitted to be engaged in by one securing an annual license, upon compliance with the requirements, said ordinance is binding upon the city, and the respondents cannot refuse to issue such license to one meeting the requirements. Cooley's Mun. Corp. 164, 169; 28 Cyc. 387, 767; Bouyer v. Bessemer, 17 Ala.

App. 665, 88 So. 192; State v. Jordan, 149 La. 312, 89 So. 15; 37 C. J. 184, 238; Woco Pep Co. v. Montgomery, 213 Ala. 452, 105 So. 218; Dreyfus v. Montgomery, 4 Ala. App. 270, 58 So. 730; Code 1923, §§ 3164, 2170; Lewis v. Jenkins, 215 Ala. 680, 112 So. 205; Mobile, etc., v. Copeland, 15 Ala. App. 235, 73 So. 133. Mandamus is the proper remedy to require respondents to perform the ministerial duty of issuing the license. 37 C. J. 238; Phœnix Carpet Co. v. State, 118 Ala. 143, 22 So. 627, 72 Am. St. Rep. 143; Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587; Stewart v. Wilson Ptg. Co., 210 Ala. 624, 99 So. 92; 26 Cyc. 199.

Horace C. Wilkinson, of Birmingham, for appellees.

Brief did not reach the Reporter.

SAYRE, J.  Relator applied to the city commission of Birmingham for a license to operate a dance hall. License was refused, and, his petition for mandamus having been denied, relator appeals.

Relator's argument, in short, is that, since the city government has passed an ordinance providing for the licensing of dance halls, it had no right to deny his application summarily, as it did.

According to section 2164 of the Code, municipal authorities have the right and power "to license, tax, regulate, restrain, or prohibit theatrical and other amusements, billiard and pool tables, nine or tenpin alleys, box or ball alleys, shooting galleries, theatres, parks and other paces of amusement when in the opinion of the council the public good or safety demands it to refuse to license any or all such business and to authorize the mayor by proclamation to cause any or all houses or places of amusement or houses or places for the sale of firearms or other deadly weapons, to be closed for a period of not longer than the next meeting of the city or town council." They also have the right and power (section 2165) "to revoke and cancel any and all licenses issued to any house of public entertainment or house or place where firearms or other deadly weapons are kept for sale, when in their judgment the public safety, peace, good order, or decency, may require it; and when the owner thereof, or person operating the same, shall have been convicted of any violation of the city or town ordinances regulating such business, the council may cancel the license."

[1-3] Relator seems to concede that, since dance halls must be classified as public places of amusement or entertainment, the municipal authorities, in the exercise of the police power conferred upon them in the matter of licenses by section 2154 of the Code, would have the right and power summarily to revoke and cancel a license, had one been is-

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sued to him, whenever in their judgment the public safety, peace, good order, or decency so required. If relator intended to carry on some necessary or useful business, a different rule would apply. Walker v. Birmingham, 216 Ala. 206, 112 So. 823; Franklin Social Club v. Phil Campbell, 204 Ala. 259, 85 So. 527. In the case of a public dance hall, or such other places of public amusement as are catalogued in section 2164, relator appears not to have conceded too much. Birmingham v. Bollas, 209 Ala. 512, 96 So. 591. But the concession leaves relator without standing room; for, if the municipal authorities might summarily revoke a license to operate a public dance hall, no reason of any benefit to relator appears why such license might not be refused in the first place. Indeed, section 2164, which we have quoted, arms the municipal authorities with the right and power "to refuse to license any or all such business." Of course, it was necessary, if such places were to be licensed, that a general ordinance to that end should be adopted. But whether particular places should be excepted in the first place or their licenses revoked afterwards is a matter left to the municipal authorities to be determined "when in their judgment the public safety, peace, good order, or decency, may require." In Birmingham v. Bollas, supra, the court went so far as to hold that the municipal authorities, proceeding under section 1342 of the Code of 1907, which is now section 2165 of the Code of 1923, might revoke a license for the operation of an hotel. In that case Bollas stood upon much the same ground as that upon which the relator in this case seeks to justify his contention, and the court so far recognized his right as to say: "We, of course, do not mean to hold that the statute authorizes a purely arbitrary revocation of licenses for the operation of hotels, not subject to judicial review in a proper way," without, however, pointing out the way. We are at this time unable to suggest more than this: If relator shall be able to allege that the city commission, or their authorized agents, in refusing to grant him a license, are actuated by a motive and purpose having no proper relation to the public safety, peace, good order, or decency, then the court should, after proof—for all presumptions should be indulged in favor of the propriety of their action—interfere. Relator thinks he has found a way by shifting from injunction to mandamus. The right, if any, remains the same, whatever the remedy. The allegation of relator's petition is that the municipal authorities "wrongfully" denied him a license. We take this to mean that relator charges only that the municipal authorities have made a mistake, misunderstand the real propriety of the case; but we are constrained

to deny the sufficiency of this view because the statute lodges with the municipal authorities, when exercising the police power, the discretion to refuse or revoke a license in the case of "any or all such businesses," viz. the businesses mentioned in sections 2164 and 2165. The allegations of the petition disclose no sufficient reason for the writ of mandamus.

The demurrer properly raises the point (Lewis v. Jenkins, 215 Ala. 680, 112 So. 205), and was properly sustained.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.