(136 So. 866)

**FRANCIS v. TOWN OF FALKVILLE.**

**8 Div. 279.**

Court of Appeals of Alabama.

Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

J. N. Powell, of Hartselle, for appellant.

A. J. Harris and Julian Harris, both of Decatur, for appellee.

**BRICKEN, P. J.**

In the court below this cause was submitted to the court upon an agreed statement of facts and was considered and determined by the court and judgment rendered without the intervention of a jury. From this judgment this appeal was taken.

On this appeal but one question is presented, and this is the validity vel non of the ordinance of the town of Falkville upon which this appellant was tried and convicted. The ordinance in question is as follows:

"Ordinance No. 100

"Be it ordained, By the Mayor and Aldermen of the Town of Falkville, Alabama, as follows:

'First, that from and after the passage and publication of this ordinance it shall be unlawful for any person to operate or engage in operating any public hall, in the Town of Falkville, Alabama, where persons are allowed to congregate and dance, whether any charge is made by the proprietor of the hall or not.

"Second, Be it further ordained that it shall be unlawful for the owner or proprietor of any public restaurant or public eating place, or hotel, in the Town of Falkville, Alabama, to invite, or knowingly permit the public to resort in such restaurant, public eating place or hotel and engage in dancing.

"Third, Any person violating this Ordinance shall be fined not less than $25.00 nor more than $100.00.

"Adopted this 4th day of Feb. 1930."

The sufficiency of the complaint is not challenged, nor is the regularity in the passage, adoption, and publication of the ordinance questioned. All questions, other than the one stated, have been eliminated by consent of parties as shown in the agreed statement of facts.

Appellant took the position in the court below, and follows it up here, that the ordinance in question is unconstitutional and void. The demurrers interposed present the insistence of appellant.

We are of the opinion that the demurrers were properly overruled. The Legislature has empowered municipal corporations from time to time to adopt ordinances and resolutions not inconsistent with the laws of the state—to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience, of the inhabitants of the municipality, etc. Section 1992 of the Code 1923. And by like enactment (section 2170, Code 1923) it has invested the municipal council with the power to license and tax; permit and regulate, restrain or prohibit, all kinds of amusements, and all athletic games, and the use of public parks and places of resort within the corporate limits and within the police jurisdiction of the several cities or towns, and to prescribe the places and the manner and method of regulating and conducting all such amusements and games, and fix the time when any or all of the places referred to may be opened or shall be closed, etc.

A public café and public dance hall must of necessity under elementary rules of construction be classified as public places. And a public dance hall is public place of amusement, and under the police power a municipality would have the right to regulate and to prohibit same whenever in their judgment the public safety, peace, good order, or decency required such action. We think the case of State ex rel. Falkner v. Armstrong, 217 Ala. 564, 117 So. 187, is conclusive on this point. See, also, 60 A. L. R. 173, note, 181, note, and 183, note. "The Courts, in a few recent cases, have declared their adherence to the doctrine that, by reason of their inherent capacity for evil, public dance halls may be entirely prohibited or suppressed, in the proper exercise of the police power." Note, 60 A. L. R. 166 and 175.

Further discussion of the proposition seems unnecessary. There was no error in the ruling of the court upon the controverted question upon which this cause is here submitted for decision.

In our opinion, the ordinance assailed by appellant's demurrers is a valid enactment, and in full force and effect.

Affirmed.