125 So.2d 517

**Warren G. JONES, Sheriff,**

v.

**H. H. CONWAY et al.**

8 Div. 998.

Supreme Court of Alabama.

Dec. 22, 1960.

Smith & Moore, Montgomery, for appellant.

Clark E. Johnson, Jr., and T. J. Carnes, Albertville, for appellees.

SIMPSON, Justice.

This is an appeal from a judgment in a mandamus proceeding in the Circuit Court of Marshall County, wherein the trial court ordered the sheriff of said county:

A. To keep a deputy sheriff for the Circuit Court at Albertville at all times, whose office shall be kept at the Albertville Court House, as is provided by § 6 of Local Act No. 23, of the 1919 Legislature at p. 14; and

B. Keep the following sheriff's records as to the Albertville Division of Court on file in his office in the Court House at Albertville, to wit:

1. An Execution Docket as required by Title 54, Sections 19 and 20.

2. A Sales Book as required by Title 54, Section 21.

3. A Fee Book as required by Title 11, Section 10.

4. Such books, documents, files, papers, letters, etc., as are required by Title 41, Section 139.

Section 6 of said Act provides:

"The sheriff of Marshall County shall keep a deputy for said court at Albertville, at all times, whose office shall be in said court house at Albertville, and the sheriff shall also keep all needful records for said court as are now required by law to be kept for the circuit court of Marshall county, the same to be kept on file in his office in said court house at Albertville. * * *"

Appellant argues several propositions but all revolve around the pivotal question of whether the sheriff was under a continuing legal duty to operate under § 6, supra, as the trial court adjudged. We hold that he was.

■ The sheriff, like all other persons who assume the incumbency of an office, state, county, or municipal, takes the office cum onere and it is not within his prerogative to decide which of the incumbent duties he shall perform. It is his duty to give reasonable performance to each and all of those duties as best he is able to do.

■ The argument that the Act imposes upon the sheriff a useless duty and expense is no answer to the plain requirements of the law (§ 6, supra), but if it were, the court takes judicial knowledge that there are two divisions of the court in Marshall County, one in Guntersville and one in Albertville (Act No. 23, supra) and, therefore, the prescriptions of said § 6 appear to be reasonable. But if not reasonable, the way to change the status would be by legislative enactment and not by the whimsical disobedience of its mandate. The provisions of § 6 do not impress us as being so ambiguous as to call for variant constructions. To give it any other interpretation than that placed on it by the trial court would be but to evade the plain terms of the Act and place the enforcement thereof in the hands of expediency, which cannot be done. Weill v. State ex rel. Gaillard, 250 Ala. 328, 34 So.2d 132; 18 Ala.Digest, Statutes, ☞174.

■ It results, therefore, from these observations that the answer of the respondent to the rule nisi was insufficient and the argument that relators were not entitled to the writ for failure to controvert the answer of the respondent is without merit. Nor was it necessary to interpose demurrer to the answer. Wyatt v. Parrish, 255 Ala. 145, 50 So.2d 424.

■ We are likewise not impressed by the argument of learned counsel for appellant that the order of the trial court was not specific enough to inform the sheriff of his duties thereunder. A reasonable response to the order is all that is required, and we entertain the view that the order is sufficiently specific for the officer to act under it.

■ Appellant also argues the defense of laches as an excuse for not complying with said § 6. We have found no direct authority on the question, but as a gen-

eral proposition a suit involving the public interest is not barred by laches or acquiescence. 55 C.J.S. Mandamus § 244, p. 462. We regard it as specious to argue that the present relators are barred by the failure of other citizens and taxpayers in times past to have invoked the aid of the court to require former sheriffs to comply with the provisions of § 6. In no sense could such non-action in years past justify the failure of the present respondent to comply with its provisions.

Appellees have cross-assigned errors. These assignments take the point that the judgment of the lower court was erroneous in suggesting in its findings that the sheriff could use the Albertville deputy in other divisions of the county when his duties would permit. The court made no such order but in its findings it opined as follows:

> "His [sheriff's] primary responsibility would be the performance of those necessary and prescribed statutory duties and the enforcement of the law within the Albertville division of this Court, but said Section 6 does not, in the opinion of the Court, prohibit the Sheriff from, in good faith, using such deputy in the performance of necessary and prescribed duties in the Guntersville Division of this Court when the services of such deputy are needed or necessary for good law enforcement. The sheriff, in this regard, should exercise due caution so as to comply with the spirit and intent of said Section 6. When said Courthouse at Albertville is open for the transaction of business and when said deputy is not so engaged in the field in the performance of such duties, said deputy shall be available in his office in the Courthouse at Albertville."

 We regard the cross-assignments as without merit. Our view is that the judgment entered by the trial court was reasonable and proper and a correct interpretation of the Act. Reasonable performance of the sheriff's duties under the Act is

all that the law requires and it appears that this was the opinion expressed by the trial court in the foregoing quoted language.

We find no error.

Affirmed.