216 So.2d 177

**James W. OTT**

v.

**Earle C. MOODY, President-Mayor of City of Dothan, et al.**

**4 Div. 330.**

Supreme Court of Alabama.

Nov. 7, 1968.

Farmer & Farmer, Dothan, and Collins, Galloway & Murphy, Mobile, for appellant.

C. R. Lewis, Dothan, for appellees.

KOHN, Justice.

Appellant, James W. Ott, filed his bill of complaint in the circuit court of Houston County, Alabama, in equity, on November 10, 1967, in which he alleged that he was licensed by both the State of Alabama and the City of Dothan, Alabama, to sell retail whiskey from his place of business, known as "The Flamingo Club and Restaurant," but that the City of Dothan, after a hearing, revoked his license to sell retail whiskey, and following this revocation the appellant was arrested on a charge of selling whiskey without a license. The bill of complaint sought a temporary restraining order, and alleged that the action of the appellees, in revoking the license of appellant to sell retail whiskey, was arbitrary, invalid, and unauthorized under the laws of the State of Alabama.

By agreement of the parties, the ruling on the temporary injunction was waived.

The respondents filed an answer denying the material allegations of the bill of complaint. And the cause was heard upon its merits.

The cause was taken under submission by the court, and on June 26, 1968, a decree was rendered denying the relief sought in the bill of complaint. Notice of appeal was filed July 8, 1968, and supersedeas bond was filed by the appellant on July 15, 1968, and this appeal was perfected.

The appellant is the owner and operator of a business located outside the municipal limits of the City of Dothan, Alabama, but within the police jurisdiction thereof, known as the Flamingo Club and Restaurant. By notice, dated October 10, 1967, appellees notified appellant that a hearing would be held on October 17, 1967, for the purpose of considering the revocation of appellant's license to sell whiskey, which license was issued by the City of Dothan.

Following a hearing before the Board of Commissioners on October 17, 1967, a resolution was adopted by appellees, Earle C. Moody and P. Lewis, as commissioners of the City of Dothan, Alabama, revoking the privilege license of the appellant to sell whiskey. This resolution was adopted on November 7, 1967, and was predicated upon the fact that the evidence, as introduced at the hearing, caused the Board of Commissioners to be of the unanimous opinion that appellant operated his business for six months immediately preceding October 10, 1967, primarily as a tavern for dancing and the consumption of whiskey, rather than as a "bona fide restaurant" as required by the provisions of § 4-4 of the Code of Ordinances of the City of Dothan, Alabama, and in violation of Title 29, § 1(o), Recompiled Code of Alabama, 1958. Section 4-4 of the Code of Ordinances of the City of Dothan, provides, as follows:

"Sec. 4-4. Whiskey, wine and liquor license.

"No license shall be issued under provisions of section 16-24 or section 16-52, et seq., except to bona fide clubs, restaurants, cafes and/or eating establishments, subject, but not necessarily limited, to provisions of the City Code and regulations of the Alabama Beverage Control Board, with seating capacity of at least eighty-five (85) persons. All applications for license shall be presented in writing at a regular meeting of the City Commission, which shall not be finally approved or denied until the next regular meeting of the city commission, however, any application may be held under advisement for a longer period. No license shall be issued except upon approval of the city commission in regular meeting."

Section 16-16 of the Code of Ordinances of the City of Dothan provides, as follows:

"Should any person be found to be operating any business, trade or profession in an illegal manner, or in such a manner as to be detrimental to public morals or health, or so as to constitute a nuisance, the board of city commissioners shall have the right to revoke the license for such business, trade, or profession."

In order to reach a disposition of the issues involved in this case, we must also look to §§ 2, 13, 14 and 20 of Title 29, Recompiled Code of Alabama 1958. In particular, we must look to § 20, supra, which provides:

"§ 20. Suspension or revocation of licenses.—The board shall have full and final authority as to the suspension or revocation of any license issued hereunder. It shall have the full right and authority to suspend any license issued to any hotel, restaurant or club for any reason which it may deem sufficient and proper."

Appellant contends that by adopting § 1 et seq., Title 29, Code of Alabama, 1940, as amended, the legislature of Alabama preempted to the Alabama Alcoholic Beverage Control Board (hereinafter referred to as the ABC Board), which was created by Act of the Legislature of 1937, General Acts 1936–37, Ex.Sess., p. 40, the exclusive authority to revoke a retail liquor license, and that municipalities have no right or authority to so do but such power or right

vests exclusively in the ABC Board, as provided by such Act.

There are certain principles that govern the disposition of this case. It is true that § 455, Title 37, Code of Alabama, 1940, vests broad powers in municipal corporations relative to the passing of ordinances, with the single restriction that they shall not be "inconsistent with the laws of the state." Such restriction being in recognition of § 89 of the Constitution of Alabama 1901. However, we must consider what effect or limitation the ABC Act (Title 29, supra), has on § 455, supra, under the facts of this case, and also whether or not § 752 of Title 37,[1] has any field of operation under the facts established by the record in this case.

■ A careful analysis of Title 29, supra, discloses a manifest intention on the part of the legislature for Title 29, supra (commonly called the ABC Act), to exclusively control the revocation of a retail liquor license issued pursuant to said Act. We are bound by the legislative intent. Glencoe Paving Co. v. Graves, 266 Ala. 154, 94 So.2d 872. In seeking the legislative intent, we should primarily focus our attention on what the legislature has said, and with this in view, we are compelled to the conclusion that although § 20 of Title 29 (the ABC Act), supra, may be considered ambiguous in that it could have contained more positive words, such as, "sole" and "exclusive" relative to the revocation of liquor licenses, it is clear to us, after an examination of the whole Act (Title 29, supra), that the legislature did intend for the State to preempt this field.

The interpretive section (§ 2 of Title 29, supra) emphasizes the fact that the ABC Act is an exercise of the police power of the State for the protection of the public welfare, health, peace and morals of the people of the State, and should be liberally construed. Subdivision (b) of § 2, Title 29, supra, prohibits all transaction in liquor within the State *except by and under the*

*control of the board as herein specifically provided.*

In § 5, Title 29 (ABC Act), supra, under the title: *"Functions, duties and powers of board,"* among others things, the following is specifically set out:

"To grant, issue and suspend or revoke for cause liquor licenses * * * as provided in this chapter."

Sections 13 and 15, Title 29, supra, refer to the authority for issuing licenses to hotels, restaurants and clubs. Viewing the ABC Act, not only from the aspect of its precise language, but also from the purpose and objective for its enactment, convinces us of its exclusive operation, under the facts of this case as disclosed by the record, relative to the revocation of a retail license. State ex rel. Richardson v. Morrow, 276 Ala. 385, 162 So.2d 480.

■ We must presume that the legislature did not do a vain and useless thing. From a reading of the entire ABC Act, supra, the legislative intent is clear. In re Opinion of the Justices, 267 Ala. 114, 100 So.2d 681.

■ This court has held that there is no vested right or property in a license as against the power of a state to revoke it in a proper case. O'Bar v. Town of Rainbow City, 269 Ala. 247, 112 So.2d 790; Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234.

The case of City of Birmingham v. Bollas, 209 Ala. 512, 96 So. 591, decided by this court on May 17, 1923, was before the enactment of the ABC Act, Title 29, supra, and has no bearing on this appeal.

■ While it is true that there is no method prescribed by the ABC Act, supra, for a licensee to appeal from the action of the ABC Board, in revoking a retail liquor license, should a liquor license be revoked without cause by the ABC Board, or from arbitrary action by the Board in so revoking

---

1. Title 37, § 752, relates to city's right to revoke a license issued to any house of public entertainment.

a retail liquor license, a licensee is not without a remedy. Common-law certiorari is available as an appropriate method to have the courts pass upon the action of the ABC Board. This avenue of review is open to the licensee, *after* a hearing before the proper forum, that is the ABC Board, should a licensee feel that such a license is revoked without cause or in an arbitrary manner. Southall v. Stricos Corp., 275 Ala. 156, 153 So.2d 234, supra.

We have carefully examined the citations in the appellees' brief. We feel that the decisions cited either are not in point, or are easily distinguishable from the facts as declared by the record on this appeal.

 We hold that the action of the City of Dothan, in revoking the retail whiskey license of appellant, was inconsistent with and in violation of the ABC Act, supra. The principle of law that no ordinance can be inconsistent with the policy of the State, as declared in its general legislation, controls in the instant case. Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13; Winter v. Cain, 279 Ala. 481, 187 So.2d 237; Lisenba v. Griffin, 242 Ala. 679, 8 So. 2d 175; Southern Express Co. v. Mayor and Aldermen of City of Tuscaloosa, 132 Ala. 326, 31 So. 460; Drake v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co., 265 Ala. 444, 92 So.2d 11; Phenix City v. Putnam, 268 Ala. 661, 109 So.2d 836. Furthermore, we cannot ignore the plain terms of a statute. Jones v. Conway, 271 Ala. 525, 125 So.2d 517.

We also hold, for the reasons noted, that neither § 455 nor § 752 of Title 37, Code of Alabama, 1940, gives the city or town council of a city [in this case the Board of Commissioners] the right to revoke and cancel a retail liquor license because such, in effect, would be in conflict with § 20, Title 29 (ABC Act), supra.

For the reasons noted, no doubt exists in our minds that the ABC Act (Title 29, supra), is paramount and exclusive relative to the revocation of a retail liquor license issued pursuant to the Act, and as prescribed by Title 29, § 1 et seq., supra.

We are not unmindful of the rights of local self-government, but we are bound by the principle that authority to municipalities comes from the State, and can be given and taken by the will of the legislature consistent with the Constitution. Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So. 2d 757.

The decree of the trial court is reversed and the cause remanded to that court for entering an order not inconsistent with this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.