RUSSELL, Judge.
This case involves a finding of contempt.
The town of Littleville filed a contempt petition in the circuit court, alleging that Lamplighter, Inc., an Alabama corporation d/b/a/ Castaways (Lamplighter), had violated an order of the circuit court by operating its liquor business on Sundays. The circuit court held that Lamplighter had failed to comply with its prior decree. Lamplighter was, therefore, held in con *1158 tempt and fined $100. Lamplighter appeals. We reverse and remand.
The dispositive issue is whether the trial court had the jurisdiction to restrict the hours of operation of Lamplighter.
The record reveals that Lamplighter filed a complaint against Littleville, seeking a declaration that an ordinance prohibiting the sale of private club licenses was invalid and requesting an injunction against enforcement of the ordinance. Lamplighter also filed a motion for a temporary restraining order, which was denied by the trial court. Lamplighter then amended its complaint, alleging that a subsequent ordinance passed by Littleville changing the hours of operation of private clubs was an infringement on the alcohol beverage licensing code and requesting that the trial court also declare that ordinance to be invalid.
At the time of the final hearing, the trial court was informed that the parties had entered into a settlement, which was incorporated into its order and ratified and confirmed by the court. The terms of the settlement recognized that Lamplighter was the holder of a valid Class II, club liquor license issued by the Alcohol Beverage Control Board of the State of Alabama (ABC Board). It further stated that the parties agreed that the city ordinances did not apply to or affect the license issued by the ABC Board and that Littleville would renew the privilege license of Lamplighter for each year that it had a valid ABC Board license. The court order also set out the hours of operation for Lamplighter as agreed by the parties, as follows: 8 a.m. through 2 a.m. the following day, Monday and Tuesday nights; 8 a.m. through 5 a.m. the following day, Wednesday through Saturday nights. This order was signed on August 2, 1989.
On February 7, 1990, Littleville filed its contempt petition, alleging that Lamplighter had willfully failed to obey the court order by operating its liquor business on Sundays beyond the legal hours of operation. In its response to the contempt petition, Lamplighter alleged that it was the intention of the parties that the decree would only govern until the ABC Board decided whether to renew Lamplighter’s club liquor license and that both parties understood that Littleville would contest the renewal of the club license by the ABC Board.
The evidence indicates that Littleville did contest the renewal of the license by the ABC Board and also indicates that the Mayor of Littleville testified at the ABC Board hearing that the settlement incorporated into the court decree, wherein Lamplighter would not sell on Sundays, was intended to be in effect only until the ABC Board had heard Lamplighter’s case. The ABC Board subsequently renewed Lamplighter’s club license.
Lamplighter contends that the trial court did not have jurisdiction to restrict its Sunday hours of operation as the trial court’s order was in conflict with a legislative enactment on the same subject. We agree.
While the alcoholic beverage licensing code generally prohibits the sale of alcoholic beverages in any public place after 2 a.m. on Sunday, Ala.Code 1975, § 28-3A-25(a)(20) and (21), the ABC Board is given the authority to issue a club liquor license which allows the sale of alcoholic beverages to members of the club or their guests for on-premises consumption on Sunday. § 28-3A-12; Historic Warehouse, Inc. v. Alabama Alcoholic Beverage Control Board, 423 So.2d 211 (Ala.1982). However, the sale of alcoholic beverages by a club for off-premises consumption is prohibited. § 28-3A-12.
Additionally, exclusive control of the revocation of a retail liquor license has been preempted by the legislature for the state. Ott v. Moody, 283 Ala. 288, 216 So.2d 177 (1968). “[T]he ABC Act ... is paramount and exclusive relative to the revocation of a retail liquor license issued pursuant to the Act....” Id. at 292, 216 So.2d at 180. We note that courts are not able to modify, change, or alter Alabama statutes and that no trial judge has that discretion. Slay v. State, 338 So.2d 3 (Ala.Crim.App.1976). We also note that “[l]ack of jurisdiction cannot be waived or [juris *1159 diction] supplied by consent of the parties.” City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So.2d 606, 608 (1958) (quoted with approval in Hallman v. City of Northport, 386 So.2d 756, 758 (Ala.Civ.App.1980)).
Littleville claims that Lamplighter could limit by agreement its right to sell alcohol on Sunday and compares this situation to one in which a parent, by an agreement which is adopted by the court, takes on the legal obligation to support or educate a child after it reaches the age of majority. However, the present situation differs, as the agreement which was incorporated into the court order was contrary to legislative enactment. It is not within the jurisdiction of the court to modify a statute, Slay, 338 So.2d 3, as the court in the instant case has done by restricting the right of a club operating under a valid club license to open on Sunday, which, in effect, defeats the purpose of a club license. Lamplighter could not have supplied this jurisdiction by the agreement incorporated into the trial court’s order. City of Huntsville, 271 Ala. 687, 127 So.2d 606.
Because this issue is dispositive of the appeal, we pretermit a discussion of other issues as unnecessary.
Therefore, based on the above, we find that the order of the trial court is due to be reversed, and the case is remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.