**Frederick G. BROWN, et al.,
Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

No. 82–1372.

United States Court of Appeals,
Sixth Circuit.

May 4, 1983.

Thomas P. Casey (argued), Troy, Mich., for petitioners-appellants.

Kenneth W. Gideon, Chief Counsel, I.R.S., John Griffin (argued), Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Dept. of Justice, Tax Div., Washington, D.C., for respondent-appellee.

Before MERRITT and WELLFORD, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

* The Honorable William H. Timbers, Senior Circuit Judge, U.S. Court of Appeals for the

Second Circuit, sitting by designation.

## ORDER

Petitioners appeal the Tax Court's decision holding them liable for tax deficiencies for the years 1970, 1971, and 1972. As shareholders in the Flint Motor Inn Company, a Subchapter S corporation, petitioners claimed deductions under § 1374 of the Internal Revenue Code to reflect the corporation's operating losses during the three years in question. These deductions included *pro rata* shares of a $400,000 loan, which the corporation had obtained from the Westinghouse Credit Corporation, and which petitioners had guaranteed.

Section 1374 permits the shareholders of a corporation electing Subchapter S status to deduct proportionate shares of the corporation's net operating loss. The size of this deduction, however, is limited by § 1374(c)(2), which provides:

> A shareholder's portion of the net operating loss of an electing small business corporation for any taxable year shall not exceed the sum of—
>
> (A) the adjusted basis . . . of the shareholder's stock in the electing small business corporation . . . and
>
> (B) the adjusted basis . . . of any indebtedness of the corporation to the shareholder. . . .

This appeal presents the issue whether petitioners were entitled to add the $400,000 Westinghouse loan to their adjusted basis and thereby increase the size of their operating loss deductions. We agree with the Tax Court's conclusion that petitioners' enhanced deductions are not permissible.

Although the loan agreement formally obligated the corporation to repay Westinghouse directly, petitioners contend that—because of their guaranty—the transaction substantially amounted to a loan from Westinghouse to them, a loan that they in turn advanced to the corporation as additional capital. Like the Tax Court, we refuse to accept petitioners' contorted view of the transaction in furtherance of their "substance over form" argument when, as the court below observed, "the substance matched the form." App. at 58. Petitioners are liable for the tax consequences of the transaction that they actually executed; they may not reap the benefits of some other transaction that they might have effected instead. *Don E. Williams Co. v. Commissioner,* 429 U.S. 569, 579, 97 S.Ct. 850, 856, 51 L.Ed.2d 48 (1977); *Commissioner v. Nat'l. Alfalfa Dehydrating,* 417 U.S. 134, 149, 94 S.Ct. 2129, 2137, 40 L.Ed.2d 717 (1974).

In similar cases, the courts have consistently required some economic outlay by the guarantor in order to convert a mere loan guaranty into an investment. *See Underwood v. Commissioner,* 535 F.2d 309 (5th Cir.1976); *Frankel v. Commissioner,* 61 T.C. 343 (1973), *aff'd.* 506 F.2d 1051 (3d Cir. 1974); *Perry v. Commissioner,* 47 T.C. 159 (1966), *aff'd* 392 F.2d 458 (8th Cir.1968); *Prashker v. Commissioner,* 59 T.C. 172 (1972); *Perry v. Commissioner,* 54 T.C. 1293 (1970); *Raynor v. Commissioner,* 50 T.C. 762 (1968); *Borg v. Commissioner,* 50 T.C. 257 (1968); *cf.* Rev.Rul. 81–187, 1981–2 CB 167 (no basis step-up from unsecured note that remained unpaid at end of year; must have actual outlay to obtain basis increase, and mere promise to pay is not payment). This rule has been upheld even where shareholders of a Subchapter S corporation were primarily liable on a third party loan to the corporation. Absent such an outlay requirement, Subchapter S shareholders could readily skirt the limitation embodied in § 1374(c), *supra,* and thereby erect a tax shelter that Congress undoubtedly never intended to create.

Petitioners argue that the Tax Court case of *Blum v. Commissioner,* 59 T.C. 436 (1972), supports their substance-over-form argument. Although the *Blum* court agreed to consider the possibility that guaranteed loans might constitute contributions to capital, the court did not depart from the outlay requirement. On the contrary, in deciding that Blum was not entitled to a stepped-up basis because of his guaranty, the Tax Court emphasized that the "bank expected repayment of its loan from the corporation and not the petitioner." *Id.* at 440.

In any event, we hold that guaranteeing shareholders must make actual disbursements on the corporate indebtedness before they can augment their bases for the purpose of deducting net operating losses under § 1374. The judgment of the Tax Court is affirmed.