Barbara Dickens filed an action against Birmingham Trust National Bank, N.A. ("BTNB"), SouthTrust Bank of Alabama, N.A. ("SouthTrust"), SouthTrust Mobile Services, Inc., H.D. Marshman, Greg Rogers, and Kathy Rogers, alleging fraud and misrepresentation in one count and fraud and civil conspiracy in another count. The trial court entered summary judgment for the defendants on both counts.
In April 1983, Dickens purchased a mobile home and lot from Greg and Kathy Rogers. Dickens paid the Rogerses $5,000 for their equity in the mobile home and lot, and she also executed a promissory note to SouthTrust. H.D. Marshman, an officer of SouthTrust, arranged the financial transactions between the Rogerses, SouthTrust, and Dickens. The "closing" of the sale of the mobile home and lot occurred on April 14, 1983. Dickens alleges that Marshman promised her that she would receive the deed to the real estate within 30 to 45 days of the closing. She did not receive the deed within that time period, and Marshman's alleged promise is the basis for Dickens's action. It is unclear from the record whether Dickens ever received a deed to the property. Dickens, however, currently remains in possession of the property.
Dickens filed this action on April 30, 1985. According to her testimony, she had recognized the alleged misrepresentation by the fall of 1983, but she testified as follows:
 "Q. Did you talk about it or wonder about it in the fall of '83?
"A. Yes, sir, I am sure we did.
 "Q. Six months after the papers were [signed,] that would be May, June, July, August, September, about October of '83. At that time, were y'all unhappy about the fact you hadn't gotten the deed?
"A. Yes, sir, we were.
"Q. Your husband was unhappy?
"A. Yes, sir.
"Q. And you were unhappy about it?
"A. Yes, sir.
 "Q. Did you feel like the bank hadn't done you right at that time?
"A. Yes, sir, we felt like that.
 "Q. Did you talk about it at that time, about the fact that you hadn't gotten the deed?
 "A. Well, yes, sir, we talked among ourselves about it."
Dickens's husband confirmed that she was aware of the misrepresentation by the fall of 1983:
 "Q. So you were getting angry at that time? What was your state of mind in October and November of '83 when you were calling the bank trying to get your deed?
 "A. Well, the best I recall, sir, is that we were just — I just thought we had just been took.
 "Q. So you thought in October, November of '83 that you'd been defrauded?
"A. Yes, sir.
"Q. Did you and your wife discuss that?
"A. Yes, sir.
"Q. Did she think the same thing?
"A. She said let's wait a while longer and see.
 "Q. When you told her in October or November '83, or both of you did, you thought that maybe you had been taken?
"A. Yes, sir.
 "Q. And by taken, you mean that your money had been taken, but your title hadn't been given to you?
"A. Right.
 "Q. She wanted to wait a little while longer before doing something?
 "A. Yes, sir. We discussed it, and she wanted to wait a while."
(Emphasis added.)
At the time of the alleged misrepresentation, an action alleging fraud was subject *Page 612 
to a one-year statute of limitations. See Ala. Code 1975, former § 6-2-39, and see § 6-2-3. Effective January 9, 1985, the legislature amended § 6-2-3 and repealed § 6-2-39. See Ala.Acts, 1984-85, No. 8539, and see Lader v. Lowder Realty BetterHomes Gardens, 512 So.2d 1331, 1333 (Ala. 1987). The change transferred fraud actions to § 6-2-38, which provides a two-year period of limitations; however, actions that had been barred as of January 9, 1985, by the one-year statute of limitations were not revived by the transfer of fraud actions to the two-year statute or by the corresponding amendment to §6-2-3. Lader.
Under § 6-2-3 a claim for fraud accrues at the time of the "discovery by the aggrieved party of the fact constituting the fraud." § 6-2-3; Lader at 1333. Fraud is discovered when it ought to or should have been discovered; that is, "the time of discovery is the time at which the party actually discovered the fraud or had facts that, upon closer examination, would have led to the discovery of the fraud." Lader, at 1333; Kellyv. Smith, 454 So.2d 1315 (Ala. 1984).
The testimony of Dickens and her husband quoted above indicates that by November 1983, Dickens had facts that upon closer examination would have led to discovery of the alleged misrepresentation. Accordingly, at the end of November 1984, at the latest, the action would have been barred by the one-year statute of limitations. Because the action was time-barred in November 1984, before the transfer of fraud actions to the two-year statute on January 9, 1985, Dickens's action is barred by the statute of limitations. Lader, supra.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.