RULE 6A, ALABAMA RULES OF JUDICIAL ADMINISTRATION ELECTION OF PRESIDING CIRCUIT JUDGES
ESDALE, Clerk
Hon. Hardie B. Kimbrough, Presiding Circuit Judge, First Judicial Circuit of Alabama, has submitted the following inquiry to the Clerk of the Supreme Court for an opinion pursuant to § 12-2-19(d), Code of Ala.1975:
“Does the specific legislation relative to the presiding judge of the First Judicial Circuit prevail over Rule 6 of the Alabama Rules of Judicial Administration?” My opinion is that it does not.
Section 6.11 of Amendment 328 to the Constitution of Alabama of 1901 provides:
“The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application.”
Pursuant to this constitutional mandate, the Supreme Court promulgated the Alabama Rules of Judicial Administration (A.R.Jud.Adm.). Rule 6(A) provides:
“In circuits with more than one circuit judge, the presiding judge of said circuit shall be elected by a majority vote of the circuit judges in the circuit....”
Prior to the promulgation of the Rules of Judicial Administration, the Legislature passed Act. No. 1205, 1975 Ala. Acts (§ 2-105 of which has been codified as § 12-17-23) and Act No. 1174, 1975 Ala. Acts (§ 5 of which has been codified as § 12-17-20). Section 12-17-23 provides:
“The presiding judge of a circuit shall be elected by a majority vote of circuit judges in the circuit. In the event of the failure of any judge to receive a majority vote, the supreme court shall provide by rule for selection of the presiding judge.”
Section 12-17-20(b) provides:
“In the following judicial circuits, there shall be the number of resident circuit judges listed below:
“(1) There shall be two circuit judges in the first judicial circuit. The judge occupying judgeship No. 1 shall be the presiding judge.... ”
Clearly, these statutory provisions conflict.
While it is true that by one rule of statutory construction an act dealing with a *139 specific subject takes precedence over an act dealing with a general subject, there are two other rules that also apply. The paramount goal in construing statutes is to determine legislative intent. As to § 12-17-23, the legislative intent was clearly set out in the title to Act No. 1205, 1975 Ala. Acts. The title states that it is an act “[t]o implement the new Judicial Article of the Alabama Constitution (Amendment No. 328, approved December 18, 1973); by establishing a unified judicial system for the state.... ” The title to that act consistently refers to the idea of a unified judicial system with uniform procedures. The title to Act No. 1174, 1975 Ala. Acts, says nothing concerning the selection process for the presiding judge of the First Judicial Circuit. The title to that act states that the act is “providing for an additional circuit court judge in [the first] circuit and providing for the designation of judgeships upon the expiration of existing terms of office.” The only mention of the presiding judge is in the act itself. The lack of an intent to govern the issue now raised is also clear from the title of the codified form of the Act. The title of § 12-17-20 is “Number of judges in each circuit,” and the title says nothing about the selection of the presiding judge of the First Circuit. Once again, the only mention of the presiding judge is in the section itself. This is in direct contrast to § 12-17-23, which clearly states the purpose and objective of the section: “Presiding judges — How selected.” It is clear from the wording of the legislative acts and from the titles of the Code sections which section the Legislature intended to control the process of selecting all presiding judges in Alabama’s Unified Judicial System.
Another rule of statutory construction was stated in State v. Crenshaw, 287 Ala. 139, 249 So.2d 622 (1971). In that case, the Court held that the last legislative expression controls and that even though conflicting provisions contain no temporal difference, the last in order of arrangement controls.
As noted above, these acts were passed before the Rules of Judicial Administration were adopted. Assuming, without conceding, that § 12-17-20 was controlling as between the conflicting Code sections, I am of the opinion that the Court was constitutionally and legislatively empowered to change the method of selecting the presiding judge of the First Judicial Circuit. Section 12-2-7 provides:
“The supreme court shall have authority:
[[Image here]]
“(4) To make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, that such rules shall not abridge, enlarge or modify the substantive right of any party....”
In § 12-2-19(a) the Legislature again manifests its intention:
“Since the supreme court now has the initial primary duty to make and promulgate rules governing practice and procedure in all courts, as well as rules of administration for all courts....”
These sections implemented legislatively the constitutional mandate of Amendment 328. As Judge Bowen noted in Holsemback v. State, 443 So.2d 1371, 1374 (Ala.Crim.App.1983), “[W]hen the Legislature gives the court the power to make rules and the court acts, the rules become of ‘legislative origin in substance.’ ”
The question remains whether the Legislature has passed a general act of statewide application since the Supreme Court promulgated Rule 6(A), A.R.Jud.Adm. Section 12-17-20 has been amended many times since the Rules of Judicial Administration became effective in 1977. Each of the amendments deals with specific circuits and/or judges therein and has been added to the Code section without reenactment of the original acts that are codified in that section. Even had the Legislature reenacted the original acts, its doing so would not have changed the rule.
“Strictly speaking, an amendatory act is not regarded as an independent statute. Of course, the statute in its old form is superseded by the statute in its amended form, the amended section of the statute taking the place of the origi *140 nal section for all intents and purposes as if the amendment had always been there. Unless a contrary intent is clearly indicated, the amended statute is regarded as if the original statute had been repealed, and the whole statute re-enacted with the amendment. However, insofar as the two acts are the same, the new act is regarded as a mere continuation of the earlier one, and as speaking as of the time of the adoption of the original enactment, so that only the new provisions are to be considered as having been enacted at the time of the amendment.”
73 Am.Jur.2d Statutes § 343 (1974) (emphasis added).
Accordingly, assuming that § 12-17-20 is a general act of statewide application, the amendments to it since the adoption of Rule 6(A) do not change the provisions of that rule.