The Alabama Department of Revenue (Department) assessed income tax against Joe D. Acker and Linda Acker (collectively referred to as taxpayer) for the years 1988 and 1990. Joint Alabama income tax returns were filed by the taxpayer for those years. The taxpayer appealed the assessment to the Administrative Law Division of the Department. After a hearing the assessment was affirmed by the Chief Administrative Law Judge, and a judgment was entered on that assessment in the amount of $27,217.30 for 1988 and $4,937.85 for 1990, with additional interest due from April 22, 1992. The taxpayer paid the assessment and appealed the judgment to the circuit court. The Circuit Court of Fayette County, Alabama, reversed the decision of the Chief Administrative Law Judge and ordered that the Department make a full refund to the taxpayer. The Department appeals.
The undisputed facts are as follows: A.D. Management, Inc. (corporation), a Subchapter S corporation in the cable television business, was formed by the taxpayer in January 1988. Beginning in 1988 and continuing through 1990, Citizens Bank of Fayette (Citizens) issued a number of loans to the corporation and the taxpayer as co-borrowers. Each loan was evidenced by written promissory notes signed by the taxpayer as vice president of the corporation, and by the taxpayer personally. The taxpayer pledged his personal certificates of deposit and money market funds for the loans. Citizens did not request or obtain any mortgage, security interest, or other collateral from the corporation. Subsequent to the initial Citizens loans, but before the majority of further loans, the corporation obtained a loan from AmSouth Bank. The loan from AmSouth was secured by substantially all of the assets of the corporation.
The president of Citizens approved the loans to the corporation only because they were personally guaranteed and secured by assets of the taxpayer. Citizens looked solely to the taxpayer for repayment. The president of Citizens testified that had he relied on the credit worthiness of the corporation, he would not have made any loan to the corporation. The funds, however, were used by the corporation, and the loans were listed on the corporate books. No principal payments were made during the years in question, but all interest payments were made by the corporation. The taxpayer received no compensation from the corporation for 18 months, but advanced or contributed personal funds in excess of $500,000 to the corporation in 1989. The contributions enabled the corporation to satisfy its obligations, including *Page 472 
the interest payments made to Citizens. Citizens eventually released the corporation from any obligation on the loans.
The corporation was thinly capitalized from its inception and suffered losses in 1988 and 1990. The taxpayer attempted to pass-through those losses to his individual Alabama tax returns for those years, as provided by Subchapter S corporation statutes.
The only issue on appeal is whether the basis of the taxpayer in the corporation increased as a result of the loans the corporation and the taxpayer, as co-borrowers, executed with Citizens.
This case is one of first impression in Alabama. Alabama's income tax laws are patterned after the corresponding provisions of the Internal Revenue Code of 1986 and should be read in pari materia. Generally, the decisions of other circuit courts of appeal are persuasive. However, when the Eleventh Circuit Court of Appeals has affirmatively addressed the specific legal issue in question, its interpretation of the federal tax law is controlling federal precedent for the interpretation of corresponding Alabama tax laws. Best v. StateDepartment of Revenue, 417 So.2d 197 (Ala.Civ.App. 1981).
Because the facts are undisputed, we are to determine only whether the proper legal conclusion was applied to those facts.
A Subchapter S corporation shareholder cannot claim a pass-through loss in excess of his basis in the corporation or the amount of debt owed by the corporation to the shareholder. § 40-18-162(d) and related federal statute26 U.S.C.A. § 1366(d) (1986). A mere guarantee of a loan to the corporation is not enough to increase the shareholder's basis, even if the creditor looks primarily to that shareholder for repayment.Estate of Leavitt v. Commissioner of Internal Revenue,875 F.2d 420 (4th Cir. 1989); Brown v. Commissioner of Internal Revenue,706 F.2d 755 (6th Cir. 1983). There must be some economic outlay by the shareholder. Such an economic outlay has been held to occur only when the shareholder-guarantor is called upon to pay the corporation's debt. Brown. Generally, "taxpayers are liable for the tax consequences of the transaction they actually execute and may not reap the benefit of recasting the transaction into another one substantially different in economic effect that they might have made." Estateof Leavitt, 875 F.2d at 423.
The Department argues that the taxpayer is bound by the "form" of the transaction and may not contend that "substance" triggers different tax consequences. The taxpayer contends that his basis should be increased by the amount of the Citizens loans because those loans were in substance to him and not to the corporation.
Though the Eleventh Circuit Court of Appeals in Selfe v.United States, 778 F.2d 769 (11th Cir. 1985), agrees with the general rule that an economic outlay is required according to the form of the transaction, it disagrees with the proposition that a shareholder must, in all cases, absolve a corporation's debt before he/she may receive an increased basis as a guarantor of a loan to a corporation. The court in Selfe
utilizes a fact-specific "substance" over "form" analysis. A Subchapter S corporation shareholder who has guaranteed a loan to the corporation may, pursuant to Selfe, increase his/her basis "where the facts demonstrate that, in substance, the shareholder has borrowed funds and subsequently advanced them to [his/her] corporation." Selfe, 778 F.2d at 773. The issue was determined to be whether the shareholder's guarantee of the corporate loan was a contribution to the corporation sufficient to increase the shareholder's basis in the corporation. Generally, a mere guarantee of a corporate loan is insufficient. Selfe; Brown. Based upon the principles ofPlantation Patterns, Inc. v. Commissioner of Internal Revenue,462 F.2d 712 (5th Cir.), cert. denied, 409 U.S. 1076,93 S.Ct. 683, 34 L.Ed.2d 664 (1972), the court in Selfe concluded:
 "[A] shareholder guarantee of a loan may be treated for tax purposes as an equity investment in the corporation where the lender looks to the shareholder as the primary obligor. Essential to the Plantation Patterns court's analysis was that the notes guaranteed by the shareholder were issued by a thinly capitalized corporation *Page 473 
and had more equity characteristics than debt. The Plantation Patterns court stressed that its inquiry focused on highly complex issues of fact and that similar inquiries must be carefully evaluated on their own facts."
Selfe, 778 F.2d at 774 (citations omitted).
In Selfe, the corporation was the primary obligor and the shareholder/guarantor was secondarily liable. The bank obtained a security interest in the corporation in addition to the shareholder's pledge of personal collateral. It was not clear in Selfe whether the bank executed the loan with the shareholder or with the corporation.
In this case the corporation and the taxpayer were co-borrowers. Consequently, each was a primary obligor. Testimony reveals that the taxpayer was deemed by the creditor to be the principal obligor. Citizens obtained no security interest in the corporation. At all times the Citizens loans were secured by the pledge of the taxpayer's liquid assets. The corporation was thinly capitalized. It is abundantly clear that Citizens originally executed the loans based entirely upon the credit worthiness of the taxpayer and looked only to the taxpayer for repayment of the loans. While interest payments on the loans were made by the corporation, those payments were made with funds provided by the taxpayer.
We agree with the circuit court's finding that the facts of this case distinguish it from the typical shareholder guarantee situation. Because the taxpayer is a primary obligor, the substance of the transaction is the same as if he had personally borrowed the funds and contributed those funds to the corporation. In Selfe the pledge of stock by the shareholder/guarantor constituted an economic outlay. Selfe, 778 F.2d at 772. We consider that the shareholder/co-borrower's pledge of liquid assets in this case likewise constitutes an economic outlay and provided an equity basis in the corporation.
We note that procedurally, Selfe involved a determination of whether summary judgment was proper. The cause was remanded for a factual determination of the real primary obligor and a determination of whether the taxpayer's guarantee amounted to either an equity investment in or shareholder loan to the corporation. Such a factual determination is not necessary in this case. The undisputed facts clearly support a conclusion that the loan was, in fact and substance, to the taxpayer and not to the corporation.
Our standard of review regarding administrative actions is very limited in scope. We review the circuit court's judgment without any presumption of correctness since that court was in no better position than this court to review the agency decision. State Health Planning Resource Dev. Admin. v.Rivendell of Alabama, Inc., 469 So.2d 613 (Ala.Civ.App. 1985). The special competence of the agency lends great weight to its decision. That decision must be affirmed unless arbitrary, capricious, or not made in compliance with applicable law. Rivendell. Neither the circuit court nor this court may substitute its judgment for that of the administrative agency. Alabama Dep't of Public Health v.Perkins, 469 So.2d 651 (Ala.Civ.App. 1985).
The taxpayer contends that the circuit court's decision is clothed with a presumption of correctness because the court heard evidence presented ore tenus. Though the record reveals that additional oral testimony was offered during the proceedings before the court, the operative facts of the case remained undisputed. When such facts are undisputed, the ore tenus rule has no application. Brooks v. Resolution TrustCorp., 599 So.2d 1163 (Ala. 1992).
The Administrative Law Judge specifically stated in his final order that "an increased basis can be allowed in this case if the bank loans were in fact to the Taxpayer personally and not to the corporation." The judge, however, determined that the loans were in substance and form loans to the corporation. The circuit court's analysis of the same facts resulted in a determination that the loans were in fact and substance loans to the taxpayer. Though the evidence is undisputed, the separate tribunals had different interpretations as to the characterization of the transaction. Recognizing that other federal circuit courts have decided the issue differently, *Page 474 Harris v. United States, 902 F.2d 439 (5th Cir. 1990); Estateof Leavitt; Brown, we find the trial court's characterization of the transaction and application of the law in this case to be correct and in accord with the authority of our Eleventh Circuit Court of Appeals. Selfe. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.