667 So.2d 1384 (1995)
NEW JOY YOUNG RESTAURANT, INC.
v.
STATE DEPARTMENT OF REVENUE.
AV93000798.
Court of Civil Appeals of Alabama.
May 12, 1995.
Rehearing Denied June 16, 1995.
*1385 J. Mark White of White, Dunn & Booker, Birmingham, for appellant.
Jeff Sessions, Atty. Gen., Ron Bowden, Chief Counsel, Department of Revenue, and Asst. Atty. Gen., and Claude E. Patton, Asst. Counsel, Department of Revenue, and Asst. Atty. Gen., for appellee.
ROBERTSON, Presiding Judge.
This is an appeal from the assessment of $64,117.10 in sales tax, penalties, and interest.
The pertinent facts to this appeal reflect that in 1986 the New Joy Young Restaurant, Inc. (Joy Young), was audited by the State Department of Revenue (Department) for the period of January 1, 1983, through May 31, 1986. After the audit was completed, it was determined by the Department that Joy Young had consistently underreported its sales tax. On August 7, 1986, the Department assessed additional sales tax, interest, and penalties against Joy Young in the amount of $10,465.23 for the period of May 1, 1983, through December 31, 1983. The amount assessed included $6,998.59 for sales tax; $1,207.28 for a penalty, and $2,259.36 for interest accrued through August 20, 1986. At that time, the Department did not assess any additional sales tax against Joy Young for the period of January 1, 1984, through May 31, 1986. Instead, the Department turned over its file on Joy Young to the Department's special investigations unit.
On August 25, 1986, the Department subpoenaed the tax, financial, and accounting records of Joy Young for the period of January 1, 1983, through May 31, 1986. Those records were seized by the Department on September 3, 1986, and were never returned to Joy Young. Also, in September 1986 a Jefferson County grand jury subpoena was directed to the First Alabama Bank of Birmingham seeking certain records concerning Joy Young.
On October 1, 1986, Joy Young's attorney and Mr. Wing Soon Joe, owner of Joy Young until its incorporation, met with representatives of the Department to discuss the results *1386 of the audit and the subsequent sales tax assessment. At that meeting, the penalty of $1,207.28 was abated, and Joy Young paid $9,362.93 in sales tax and accrued interest for the period of May 1, 1983, through December 31, 1983.
The Department took no further action toward assessing or collecting any additional sales tax for the period of January 1, 1984, to May 31, 1986, until 1991. In April 1991, the Department prepared a revision of the 1986 sales tax audit. In May 1991, the Department sent a letter notifying Joy Young that the Department was filing a tax lien against it in the amount of $52,702.98. In June 1991, the Department sent a letter advising Joy Young that the May assessment was void because the Department had not followed the proper procedures.
On July 15, 1991, the Department sent a notice and demand letter to Joy Young to pay additional sales tax, interest, and penalties in the amount of $53,166.98 for the period of January 1, 1984, through May 31, 1986. The amount demanded by the Department included $27,886.01 for sales tax; $6,971.50 for a penalty; and $18,309.47 for interest accrued through July 20, 1991. Thereafter, on July 31, 1991, the Department entered a preliminary assessment for sales tax, interest, and penalties against Joy Young in the amount of $53,401.22 for the period of January 1, 1984, through May 31, 1986.
Joy Young's accountants, the accounting firm of Lischkoff, Powell, & Shipp, P.C., sent Joy Young's attorney a letter stating that it had reviewed the Department's assessment of additional sales tax for the period of January 1, 1984, through May 31, 1986, and that it had concluded that the Department's assessment was incorrect. According to Joy Young's accountants, the direct deposit figure that the Department had used in assessing the additional sales tax included checks that were not sales.
Joy Young requested a formal hearing to dispute the Department's preliminary assessment for the period of January 1, 1984, through May 31, 1986. The Administrative Law Judge (ALJ) sent a letter to Joy Young's attorney to confirm that he had received Joy Young's request for a formal hearing. On that same date, the ALJ also issued a notice of the request for a hearing to inform the Department's sales and use tax division and its legal division of Joy Young's request.
A hearing was held before the ALJ on April 21, 1992. Thereafter, on May 14, 1992, Joy Young's attorney submitted a brief in support of its position on the case to the ALJ. Joy Young argued that according to § 6-2-3, Ala.Code 1975, actions seeking relief for fraud are barred by the statute of limitations if the fraud claim is not brought within two years from the date the fraud was discovered, or should have been discovered; and that because the Department had had access to all of Joy Young's books and records since September 3, 1986, it was made aware of facts constituting or showing the alleged fraud at that time. Joy Young also argued that there was no fraud on the part of Joy Young and that, therefore, the three-year statute of limitations set forth in § 40-23-18(b) made the preliminary assessment for the period January 1, 1984, through May 31, 1986, improper. Subsequently, on May 21, 1992, the Department submitted a brief in support of its position on the case.
On July 8, 1992, the ALJ entered a final order stating: (1) "the fact that [Joy Young] consistently and substantially underreported liability and failed to keep records is sufficient evidence of fraud," and (2) "the assessment in issue was timely entered by the Department and should be made final, plus applicable interest." Joy Young's motion to set aside the final order was denied. On April 4, 1993, approximately 9 months later, the Department entered a final assessment of additional sales tax, interest, and penalties against Joy Young in the amount of $64,117.10 for the period of January 1, 1984, through May 31, 1986. The amount of the final assessment included $27,886.01 for sales tax, $13,943.01 for a penalty under § 40-2A-11(d), and $22,288.08 for interest accrued through April 2, 1993.
Joy Young appealed the Department's final assessment to the Jefferson County Circuit Court. The parties stipulated to the case being submitted to the trial court on the *1387 statement of facts and arguments submitted in brief by both parties, and the transcript of the hearing before the ALJ.
In its brief Joy Young argued, among other things, that the Department had discovered any alleged fraud in 1986; that the Department had not advised Joy Young of the alleged underpayment of sales tax until 1991; and that, therefore, the two-year statute of limitations set forth in § 6-2-3 barred the Department's tax assessment for the period of January 1, 1984, through May 31, 1986.
After having reviewed the record and the briefs submitted by the parties, the trial court affirmed the decision of the ALJ. Joy Young appeals.
Joy Young contends, among other things, that the statute of limitations enacted by the legislature in § 6-2-3, Ala.Code 1975, bars the Department's sales tax assessment in this case. Because this is a matter of first impression before this court, we elect to address this issue first.
Absent any fraud, the Department's claim would have been barred by the three-year statute of limitations set forth in § 40-23-18(b), Ala.Code 1975, which provides[1]:
"Any notice, provided for by this division, of an amount due under this division shall be given or any action in court for the collection of such amount shall be begun within three years of the due date of such amount; provided, that in the case of a false or fraudulent return with intent to evade payment of taxes imposed by this division ... the tax may be assessed or a proceeding in court for the collection of such tax may be begun at any time." (Emphasis added.)
Clearly, § 40-23-18(b) created a bar against giving notice or beginning an action in court under this division after three years from the due date of such amount; provided, however, that an action based on a fraudulent return may be begun at any time after the three-year bar.
Section 6-2-3, Ala.Code 1975, provides:
"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."
Both § 40-23-18(b) and § 6-2-3 deal with fraudulent acts. "Sections of the Code dealing with the same subject matter are in pari materia. As a general rule, such statutes should be construed together to ascertain the meaning and intent of each." Locke v. Wheat, 350 So.2d 451, 453 (Ala.1977) (citations omitted). "Our obligation is to construe these provisions `in favor of each other to form one harmonious plan,' if it is possible to do so." Opinion of the Justices, 599 So.2d 1166, 1168 (Ala.1992) (quoting Ex parte Coffee County Comm'n, 583 So.2d 985, 988 (Ala. 1991) (citation omitted)).
In enacting § 40-23-18(b), the legislature's obvious intent was to bar the Department from assessing additional tax after the expiration of three years from the due date; provided, however, that if the Department discovered fraud, the tax could be assessed or an action in court could be begun at any time. In enacting § 6-2-3, the legislature's obvious intent was to give the aggrieved party two years from the discovery of the fraud within which to prosecute a fraud action where a statute had otherwise created a bar.
We are obliged to construe the provisions of § 40-23-18(b) and § 6-2-3 in favor of each other to form one harmonious statute of limitations by which the Department may operate. Opinion of the Justices, supra. In construing § 40-23-18(b) and § 6-2-3 in pari materia, we find that § 6-2-3 applies in sales tax cases involving a false or fraudulent return. We, therefore, hold that in the case of a false or fraudulent return with intent to evade payment of taxes, the tax may be assessed or a proceeding in court may be begun at any time; however, if the tax is assessed or a proceeding is begun outside the three-year limitation imposed by § 40-23-18(b), that action must be begun within two *1388 years from the time the fraud is deemed to have been discovered. See, Gray v. Liberty Nat'l Life Ins. Co., 623 So.2d 1156 (Ala.1993); Dickens v. SouthTrust Bank of Alabama, N.A., 570 So.2d 610 (Ala.1990); Lader v. Lowder Realty Better Homes & Gardens, 512 So.2d 1331 (Ala.1987). It would be illogical to hold that once the Department discovers fraud, it could wait indefinitely, accruing interest pursuant to § 40-1-44, before beginning an action to collect the taxes. This would be contrary to legislative intent and manifestly unfair, especially to the state agencies dependent upon the prompt payment and collection of state sales tax.
Having held that § 6-2-3 applies in sales tax cases, we must now determine when the Department was deemed to have discovered any alleged fraud on the part of Joy Young.
"Fraud is deemed to have been discovered when it ought to have been discovered. Facts which provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud, constitute sufficient evidence of discovery." Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 397, 281 So.2d 636, 643 (1973) (quoted with approval in Rumford v. Valley Pest Control, Inc., 629 So.2d 623, 628 (Ala.1993); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784, 786 (Ala.1981)). See also Dickens, supra, and Lader, supra.
The Department's audit and investigation of Joy Young in 1986 revealed any underreported sales tax for the tax years 1983, 1984, 1985, and 1986, as well as any failure by Joy Young to properly keep records. These were the only grounds upon which the ALJ based its decision. In addition, Claude Patton, the attorney for the Department, stated to the ALJ, as set forth in the colloquy below, that the Department had discovered the fraud in 1986:
"MR. PATTON: The statute says if the Department can show there was a fraud, the Department can assess a tax at any time. Now, what was the intent of the statute? Why was the statute written that way? The statutemy argument is and it's reallymy interpretation of it is, my reasoning the statute is written, it's kind of analogous with the old civil fraud discovery, statute of limitations in a civil fraud case. If they perpetrated a fraud that did notand as a result of that fraud it kept the Department from discovering what the real tax was; and five years down the road, the Department somehow another discovered that this fraud had been perpetrated, then the Department can assess a tax.
"In this case here, however, the Department audited the people and discovered the fraud at that time.... There wouldn't be any reason to toll the statute any longer because in 1986 when the audit was performed, at that point in time, we alleged a fraud at that point in time for those tax years, '84, '85 and '86. And I think his argument isat the very latest the argument should be the statute started running at the time we alleged the fraud was committed pursuant to our audit which would have been prior to Mr. Joe's death.
"ADMINISTRATIVE LAW JUDGE:
You're saying that the Department alleged fraud. In what form did the Department allege fraud?
"MR. PATTON: In its audit, in itswell, when we performed the audit, we said, look, you've underreported your sales tax consistently for a period of at least three years. Now, I wasn't here back [in] those days ... but I think it's quite obvious and its not contested at this point in time that apparently the Department or somebody thought he perpetrated a fraud on sales tax or the District Attorney wouldn't have subpoenaed all his records and they wouldn't have gone to [the] Grand Jury. They wouldn't have gone to special investigations. So they knew at that time...."
There was no testimony presented by the Department explaining why it had failed to take any action on Joy Young's file from August 1986 until May 1991. Further, additional information had not been sought by nor obtained by the Department in 1991 when it revised the 1986 audit and updated the interest. Moreover, Lynn Nicholson, one of the Department's auditors, testified that the only difference between the audit she prepared in 1986 and the 1991 revised audit *1389 was that it "Looks like there was a difference in the beer tax credit. We actually gave them more beer tax credit in the revised additionthere was a change I wasn't aware ofand then the updated interest."
We conclude that the Department discovered any alleged fraud in 1986 after the completion of the audit and the seizure of Joy Young's records. Consequently, the statute of limitations imposed by § 6-2-3 bars the Department's 1991 action against Joy Young.
We recognize that the decision of an administrative law judge is presumed correct and will be reversed on appeal only if, after consideration of the evidence, it is arbitrary, capricious, or not made in compliance with the applicable law. State Dep't of Revenue v. Acker, 636 So.2d 470 (Ala.Civ.App. 1994). We review the judgment of the trial court without any presumption of correctness since that court was in no better position than we are to review the ALJ's decision. State Health Planning Agency v. Mobile Infirmary Ass'n, 608 So.2d 1372 (Ala.Civ.App. 1992).
The ALJ failed to apply § 6-2-3, Ala.Code 1975, in reaching a decision; consequently, we find that the decision was not made in compliance with the applicable law and is, therefore, due to be reversed. Acker, supra.
The above two issues being dispositive, we pretermit discussion of any other contention made by Joy Young.
The judgment of the trial court is hereby reversed, and this cause is remanded for the trial court to enter a judgment consistent with this opinion.
In partial response to the dissent in this case, we point out that Joy Young preserved several issues in brief and in oral argument, including laches, for review by this court.
Also, we must presume "that the legislature does not enact meaningless, vain or futile statutes."[2] Consequently, we are compelled to apply the legislative limitation contained in § 6-2-3, Ala.Code 1975, in an action brought on the ground of fraud, unless and until the legislature enacts otherwise. Section 40-23-18(b) does not exclude § 6-2-3, nor does § 6-2-3 exclude § 40-23-18(b). We certainly have no authority to redraft either statute so as to exclude the other. Instead, our supreme court has held that we must apply them in pari materia "`to form one harmonious plan.'"[3]
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs specially.
THIGPEN, J., dissents.
CRAWLEY, Judge, concurring specially.
While I agree with the majority, I concur specially because the doctrine of laches is also a defense to the Department's assessment of these taxes after a delay of approximately five years. During the delay, the records seized by the Department were lost, the taxpayer died, and the Department gave no explanation for the delay. See Ex parte Grubbs, 542 So.2d 927 (Ala.1989); Cotney v. Eason, 269 Ala. 354, 113 So.2d 512 (1959); and Wise v. Helms, 252 Ala. 227, 40 So.2d 700 (1949).
THIGPEN, Judge, dissenting.
Because I would affirm the trial court's judgment, I must respectfully dissent.
On appeal, the taxpayer's only issue is whether the Department, the administrative law judge, and the circuit court "erred in finding fraud on the part of the taxpayer sufficient to circumvent the 3-year statute of limitations," citing Ala.Code 1975, § 40-23-18(b). The express wording of that statute creates a three-year statute of limitations for actions to recover a tax liability, except in certain cases, including "the case of a false or fraudulent return with intent to evade payment of taxes."
In the absence of fraud, the assessment in this case would clearly be barred, and the *1390 issue regarding the statute of limitations would be rendered moot. Only after the Department met its burden of proving fraud does the issue regarding the statute of limitations arise.
It is undisputed that the taxpayer has failed to present anything at any time to dispute the Department's clear and convincing evidence of fraud. The taxpayer has consistently relied on arguing that once its records were subpoenaed in 1986 for the criminal investigation regarding fraud, it had nothing to present. In addressing this argument, the administrative law judge stated in his order that "the only records available were the Taxpayer's bank records, not sales records as implied by the Taxpayer. Presumably the taxpayer still has access to its own bank records and could obtain those records to challenge the audit." Inadequate records are only one factor indicating fraud. Consistent underreporting of sales and the subsequent tax liability, and, ironically, the consistency of the Department's audit figures with those of the taxpayer's income tax returns, were also factors considered by the administrative law judge in determining there was "sufficient evidence of fraud." At no time has the taxpayer presented testimony or documentary evidence to dispute fraud. The Department's undisputed finding of fraud is, therefore, its basis for entering the final assessment.
The majority relies on Ala.Code 1975, § 6-2-3, a general statute regarding civil fraud, to impose a two-year statute of limitations in this case. The result of that analysis allows taxpayers who commit a wilful and deliberate fraud on the State to be legally advantaged over nonfraudulent taxpayers who mistakenly understate their sales; i.e., the period of tax liability for those who intentionally defraud the State is one year shorter than that for those taxpayers who accidently miscalculate their sales. See Badaracco v. Commissioner of Internal Revenue, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984).
"It is presumed that the legislature does not enact meaningless, vain or futile statutes." Druid City Hospital Board v. Epperson, 378 So.2d 696, 699 (Ala.1979). It is a rule of statutory construction that an act which concerns a specific subject, such as § 40-23-18(b), takes precedence over an act which concerns a general subject, such as § 6-2-3. Murphy v. City of Mobile, 504 So.2d 243 (Ala.1987); Baldwin County v. Jenkins, 494 So.2d 584 (Ala.1986); see also In re Opinion of the Clerk, 606 So.2d 138 (Ala.1992); Powers v. State, 591 So.2d 587 (Ala.Crim.App.1991). The plain and unambiguous language of § 40-23-18(b), provides the Department with a three-year limitation for initiating actions to collect sales tax, except in the case of fraud, which may be initiated "at any time." An appellate court cannot evade the plain terms of a statute. Jones v. Conway, 271 Ala. 525, 125 So.2d 517 (1960). In interpreting a statute, this court's duty is to ascertain and to give effect to legislative intent as expressed in the words of the statute. Batey v. Jefferson County Board of Health, 486 So.2d 439 (Ala.Civ.App. 1986); Winstead v. State, 375 So.2d 1207 (Ala.Civ.App.1979), cert. denied, 375 So.2d 1209. We simply have no authority to redraft law. Harris v. Weatherford, 459 So.2d 876 (Ala.1984). See also House v. Cullman County, 593 So.2d 69 (Ala.1992).
The United States Supreme Court addressed the matter of determining the proper construction of a federal statute of limitations for income tax assessments which contained language similar to § 40-23-18(b); i.e., the general income tax statute, which provides that in the case of fraud, the tax may be assessed "at any time." See Badaracco v. Commissioner of Internal Revenue, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984). The language "at any time" in that statute served as an indefinite extension of the period of limitations for assessment of income taxes. In reaching that determination, the United States Supreme Court began its analysis as follows:
"This Court long ago pronounced the standard: `Statutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government.' [Citations omitted.] More recently, Judge Roney, in speaking for the former Fifth Circuit, has observed that `limitations statutes barring the collection of taxes otherwise due and unpaid are *1391 strictly construed in favor of the Government.' Lucia v. United States, 474 F.2d 565, 570 (1973)."
Badaracco, 464 U.S. at 391-92, 104 S.Ct at 761.
The United States Supreme Court determined that "fraud cases ordinarily are more difficult to investigate" due in part to "a distinct possibility that the taxpayer's underlying records will have been falsified or even destroyed." Badaracco, 464 U.S. at 398, 104 S.Ct. at 764. Further, the Court concluded that the unlimited assessment period specified by statute for cases involving fraud was necessary because the Commissioner had the burden of proof on the issue of fraud, and that the difficulties attending a civil fraud investigation could be compounded when the initial finding caused the case to be referred for criminal prosecution, forcing the civil audit to be placed in abeyance. Badaracco, 464 U.S. at 399-401, 104 S.Ct. at 765.
In spite of the differences in the laws and practices involving federal income taxes and state sales taxes, the arguments and analysis of the Badaracco case closely parallel those in the instant case. I am not unsympathetic with the argument that the Department's delay in this case seems grossly unfair; however, in view of the foregoing, it is my opinion that if any limitation applies, it is the three-year limitation of § 40-23-18(b), which was indefinitely suspended when the Department proved by clear and convincing evidence that the taxpayer fraudulently intended to evade its tax liability. Therefore, I must respectfully dissent.
NOTES
[1] This section was repealed by 1992 Ala.Act No. 92-186, § 80, and superseded by 1992 Ala.Acts No. 92-186, p. 349, § 6 as codified in § 40-2A-7(b)(2)a., Ala.Code 1975.
[2] Druid City Hospital Bd. v. Epperson, 378 So.2d 696, 699 (Ala.1979).
[3] Opinion of the Justices, 599 So.2d 1166 (Ala. 1992) (quoting Ex parte Coffee County Comm'n, 583 So.2d 985, 988 (Ala.1991) (citation omitted)); Locke v. Wheat, 350 So.2d 451 (Ala.1977).