T.C. Memo. 1998-104


UNITED STATES TAX COURT


ABDUL HAFIZ AND RAWNAQ A. HAFIZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15079-96.                    Filed March 16, 1998.


<u>Lawrence H. Richards</u>, for petitioners.

<u>Katherine Lee Wambsgans</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined deficiencies in petitioners' income taxes of $52,837 and $73,542 for the taxable years 1989 and 1990, respectively.  The sole issue remaining for our consideration is whether petitioners, as S corporation shareholders, may increase their bases in the S corporation by

the amount of debt for which they and the corporation were the primary obligors.

## FINDINGS OF FACT[1]

Petitioners Abdul and Rawnaq Hafiz are husband and wife and timely filed joint Federal income tax returns for the years 1989 and 1990. Petitioners resided in North Jackson, Ohio, at the time they filed their petition in this case.

In the late 1970's, petitioner Abdul Hafiz (Mr. Hafiz) entered into a partnership to invest in the motel business. The partnership owned and operated a Days Inn in Monroe, Ohio. In 1984, the partnership began experiencing severe financial difficulties. Mr. Hafiz decided to purchase the motel from the partnership in the hopes of turning it into a profitable enterprise.

In 1985, Mr. Hafiz decided to form Family Motels, Inc. (Family Motels), a corporation that elected to be treated as a "small business corporation" under subchapter S. Mr. Hafiz was a 90-percent shareholder of Family Motels, and his family members held the remaining shares. Family Motels was organized to acquire and manage motels.

At the time of incorporation, it was necessary to borrow funds to purchase the Days Inn in Monroe. Mr. Hafiz met with

_____

[1] The stipulation of facts and the attached exhibits are incorporated by this reference.

Bank One of Eastern Ohio (Bank One) on behalf of himself and Family Motels to discuss a possible loan. After reviewing Mr. Hafiz's financial statements, Bank One agreed to lend Mr. Hafiz and Family Motels $1.6 million toward the purchase price of the motel. The loan agreement required that the proceeds of the loan be used to purchase the motel. Mr. Hafiz was required to pledge all of his personal real estate holdings, bank accounts, certificates of deposit, and his pension plan as security for the loan. The loan was also secured by a mortgage on the motel. Family Motels, Abdul Hafiz, M.D., Inc.,[2] and petitioners were the primary obligors under the loan.

In 1988, Mr. Hafiz and Family Motels applied for a second loan with Bank One for the purchase of a Days Inn in Seymour, Indiana. Bank One agreed to lend Mr. Hafiz and Family Motels $1,550,000 for the purchase of the motel. Once again, Mr. Hafiz was required to pledge all of his assets as security for the loan and mortgage the motel to the bank. The commitment letter stated that the source of repayment would come from the operating income of the motel. Petitioners, Family Motels, and Abdul Hafiz, M.D., Inc., were the primary obligors under the loan.

Although Mr. Hafiz received promissory notes from Family Motels equal to the amount of the loans at issue, the

---

[2] Abdul Hafiz, M.D., Inc., was the professional corporation for Mr. Hafiz's medical practice.

corporation's accounting records treated the loans as loans from the bank, not as loans from petitioners-shareholders. In addition, Family Motels made the loan payments to the bank. Neither petitioners nor Family Motels reported payments on the loans made by Family Motels as constructive dividends, and Family Motels deducted the interest paid on the loans.

From the time of incorporation, Family Motels suffered significant losses. Petitioners increased their adjusted bases in the indebtedness of Family Motels by the full amount of the loans from Bank One and claimed deductions for the losses of Family Motels under section 1366(a)(1)(B)[3] in the amounts of $296,236 and $432,007 for the taxable years 1989 and 1990, respectively. Respondent determined that petitioners' bases in the indebtedness of Family Motels did not include the loans from Bank One and disallowed the losses claimed in 1989 and 1990 that exceeded petitioners' adjusted bases in the stock and indebtedness of Family Motels prior to the increase from the loans.

OPINION

Under section 1366, S corporation shareholders may deduct their pro rata share of losses and deductions of the S

---

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years under consideration, and all Rule references are to this Court's Rules of Practice and Procedure.

corporation.  The deductions, however, are limited to the sum of the adjusted basis of the shareholders' stock in the corporation, sec. 1366(d)(1)(A), and the adjusted basis of any indebtedness of the corporation to the shareholders, sec. 1366(d)(1)(B).

Petitioners contend that they were primary obligors under the loans and that Bank One looked primarily to Mr. Hafiz and to his personal assets for repayment.  Petitioners argue that the loans at issue should be viewed as loans to petitioners, followed by a loan from petitioners to Family Motels for the same amount. Petitioners assert that they are entitled to increase their bases in the indebtedness of the corporation to them by the amount of the loans.  In the alternative, petitioners argue that they should be entitled to increase their bases in the indebtedness of Family Motels by a portion[4] of the loans.  Respondent contends that because petitioners did not make any payments under the loans, petitioners are not entitled to increase their bases.

To increase the basis in the indebtedness of an S corporation, there must be an economic outlay on the part of the shareholder.  Estate of Leavitt v. Commissioner, 875 F.2d 420, 422 (4th Cir. 1989), affg. 90 T.C. 206 (1988); Brown v. Commissioner, 706 F.2d 755, 756 (6th Cir. 1983), affg. T.C. Memo.

---

[4] Petitioners argue that because Mr. Hafiz, Mrs. Hafiz, Family Motels, and Abdul Hafiz, M.D., Inc., were the obligors under the loans, they should be entitled to increase their bases in their stock by one-half of the amount of the loans.

1981-608.[5]  The economic outlay required under section

1366(d)(1)(B) must leave "the [taxpayers] poorer in a material

sense."  Perry v. Commissioner, 54 T.C. 1293, 1296 (1970), affd.

per order (8th Cir. 1971) (quoting Horne v. Commissioner, 5 T.C.

250, 254 (1945)).  Although a bona fide loan from a shareholder

to an S corporation will increase the shareholder's basis, the

shareholder must make an actual economic outlay and directly

incur the indebtedness.  Underwood v. Commissioner, 63 T.C. 468,

476 (1975), affd. 535 F.2d 309 (5th Cir. 1976).  As was noted by

this Court in Raynor v. Commissioner, 50 T.C. 762, 770-771

(1968):

> No form of indirect borrowing, be it guaranty, surety,
> accommodation, comaking or otherwise, gives rise to
> indebtedness from the corporation to the shareholders
> until and unless the shareholders pay part or all of
> the obligation.  Prior to that crucial act, "liability"
> may exist, but not debt to the shareholders.  * * *

The shareholders must make actual disbursements on the

indebtedness before they can augment their bases for the purpose

of deducting losses.  Estate of Leavitt v. Commissioner, supra at

422.  Since petitioners have not made actual disbursements on the

loans, they are not entitled to increase their bases.

---

[5] Most of the cases interpreting "indebtedness of the S
corporation to the shareholder" apply to former sec. 1374(c)(2).
That section was repealed by the Subchapter S Revision Act of
1982, Pub. L. 97-354, sec. 2, 96 Stat. 1669, 1677-1683, effective
for tax years beginning after Dec. 31, 1982.  There are no
differences between former sec. 1374(c)(2)and the current sec.
1366(d)(1)(B) that affect this analysis.

Petitioners argue that we should ignore the form of the loans and rely on the economic substance in deciding whether the loans were actually made to petitioners. We find that the form and substance of the transaction was a loan from the bank to Family Motels. The proceeds of the loan were to be used to purchase the motels on behalf of the corporation. Petitioners submitted no evidence that they were free to dispose of the proceeds of the loans as they wished. Nor were the payments on the loans reported as constructive dividends in the corporation's income tax returns or on petitioners' income tax returns during the years in issue. Family Motels made all of the loan payments to the bank and deducted the interest paid on the loans. At trial, Mr. Hafiz stated that he occasionally made payments on the loans at issue. This, however, is contrary to the stipulation of facts. A party is not permitted to contradict a stipulation in whole or in part, except in the interest of justice. Rule 91(e); Stamos v. Commissioner, 87 T.C. 1451, 1454 (1986). Petitioners have offered no evidence other than Mr. Hafiz's assertions at trial that any payments were made by Mr. Hafiz. We deem the prior stipulation to be binding. Petitioners are not entitled to increase their bases in their stock by the amount of the loans.

Nor can petitioners increase their adjusted bases by a portion of the loans. Absent an actual disbursement on the indebtedness, shareholders cannot augment their bases in

indebtedness for the purpose of deducting losses. <u>Brown v. Commissioner</u>, <u>supra</u> at 757. Accordingly, respondent's determination is sustained.

<u>Decision will be entered under Rule 155.</u>