MONROE, Judge,
dissenting.
The main opinion reverses the judgment of the trial court because it concludes that the trial court erred in using the “fairly debatable” standard in deferring to the zoning officer’s interpretation of the zoning ordinance at issue. I agree that the standard of review for administrative decisions would have been the proper standard of review and not the “fairly debatable” standard. However, that error constitutes harmless error because I believe that regardless of which standard of review we use, the result would be the same. See, State Personnel Bd. v. State Dep’t of Mental Health & Mental Retardation, 694 So.2d 1367 (Ala.Civ.App.1996).
Our standard of review of administrative decisions is limited:
“We review the circuit court’s judgment without any presumption of correctness since that court was in no better position than this court to review the agency decision. The special competence of the agency lends great weight to its decision. That decision must be affirmed unless arbitrary, capricious, or not made in compliance with applicable law. Neither the circuit court nor this court may substitute its judgment for that of the administrative agency.”
State Dep’t of Revenue v. Acker, 636 So.2d 470, 473 (Ala.Civ.App.1994).
*35 I do not believe that the decision to issue the Brabners a building permit was arbitrary or capricious. Further, I believe the permit was issued in compliance with the applicable zoning ordinance. I disagree with Judge Wright’s interpretation of the zoning ordinance and his conclusion that the city’s decision to issue a building permit to Weezie Brabner violated that ordinance. Section 4.411 provides that “[a] non-conforming building can be structurally altered or expanded provided that such alterations or expansions are in conformance with the side, front, and rear yard requirements and with the height requirements of the district.” (Emphasis added.) Judge Wright interprets that section as requiring “the owner of a nonconforming building to comply with the side, front, and rear requirements and with the height requirements before a nonconforming building can be structurally altered or expanded.” If a building met the side, front, rear, and height requirements, it would not be a nonconforming building. I understand § 4.411 to mean that the alterations or expansions made to an existing, nonconforming building must fall within zoning requirements. Here, the Brab-ners wanted to add a second story to her garage, and the addition fell within height requirements. Therefore, I agree with the trial court that the issuance of a building permit so the Brabners could add a second story to their garage did not violate the zoning ordinance.
Section 4.412 says that “[a] non-conforming use of a building or bidldings shall not be extended to include either additional buildings or land after the effective date of this ordinance.” Judge Wright says that § 4.412 “forbids the extension of a non-conforming building to include additional buildings or land.” The record shows that the Brabners were using the garage as an art studio. In reviewing the record, including the applicable zoning ordinances, I could find no evidence that using a garage as an art studio constitutes a non-conforming use of a building in the neighborhood.
Weezie Brabner admitted that she has expanded the garage/art studio to include a greenhouse. There is no evidence that expansion into the greenhouse violates side, front, or rear requirements. Using a building as an art studio is not prohibited by the zoning ordinance. Therefore, there is no evidence the Brabners violated the zoning ordinance by expanding the garage/art studio to include an already-existing greenhouse.
Because I would affirm the judgment of the trial court, I must respectfully dissent.
YATES, J., concurs.